Dixie Ray **PEBWORTH**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–88–428.

Court of Criminal Appeals of Oklahoma.

June 23, 1993.

**606**

Stu Preston, Oklahoma City, at trial and Gloyd McCoy, Deputy Appellate Public Defender, Norman, on appeal, for appellant.

Robert Macy, Dist. Atty., Richard Wintory, Asst. Dist. Atty., at trial and Susan Brimer Loving, Atty. Gen. of Oklahoma and A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, on appeal, for the State.

### SUMMARY OPINION

LUMPKIN, Presiding Judge:

Appellant Dixie Ray Pebworth was tried by jury and convicted of Possession of a Controlled Dangerous Substance (Cocaine) (Count I) in violation of 63 O.S.Supp.1986, § 2–402; Possession of a Firearm while in the Commission of a Felony (Count III) in violation of 21 O.S.1981, § 1287; and Possession of an Illegal Weapon (Count IV) in violation of 21 O.S.1981, § 1283, in the District Court of Oklahoma County, Case No. CRF–87–1206. The jury recommended as punishment thirty (30) years, forty (40) years and ten (10) years imprisonment, re-spectively. The trial court sentenced accordingly and it is from this judgment and sentence that Appellant appeals.

After a thorough consideration of the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find that the case must be affirmed in part and reversed in part. In reaching our decision we considered the following propositions of error and determined that they should be denied under the law and the evidence.

I. Insufficient evidence to support a conviction for possession of cocaine;

III. Insufficient evidence to support convictions for felonious possession of a weapon and possession of a weapon while committing a felony; and whether the imposition of punishment for both offenses violates the principles of double jeopardy;

IV. Improper prosecutorial comments on the Appellant's right to remain silent;

V. Prosecutorial misconduct;

VI. Improper enhancement of punishment by the use of prior convictions arising out of the same criminal transaction;

VII. Excessive sentence.

It is Appellant's second proposition of error which warrants special attention and causes us to vacate and dismiss the conviction in Count III, Possession of a Firearm while in the Commission of a Felony. Appellant contends that his conviction should be vacated and dismissed, as the statute under which he was charged, 21 O.S.1981, § 1287, does not apply to the facts of this case. We agree.

Section 1287 prohibits the possession of an offensive weapon, during the commission or attempted commission of a felony. In order to establish a violation of this section, more than mere possession must be established. Proof must be shown of a nexus or connection between the possession of the weapon and the underlying felony. Such connection was not shown in the present case.

The record shows that officers executed a search warrant on a home occupied by Appellant and several other people. The

southeast bedroom was shown to belong to Appellant. In that room officers discovered several weapons, including a loaded .22 caliber pistol, quantities of illegal drugs and numerous items of paraphernalia associated with the distribution of the illegal narcotics. The items were seized and Appellant charged with their possession. However, Appellant was not present in the house at the time. He had received a warning that the house was to be searched. He left the premises and watched the activity from down the street. The next day he turned himself into the authorities and indicated that the illegal substances and weapons retrieved from the bedroom belonged to him.

 Under the unique facts of this case, any connection between the possession of the weapon and the underlying felony was lost by Appellant's abandonment of the weapon and the illegal drugs upon his exit of the home. The fact specific nature of this case, and cases similar, causes this Court to conduct a case by case review in making the determination whether a nexus between the possession of the weapon and the underlying felony has been shown. Our decisions will be based upon the totality of the circumstances presented in each case. While we find federal case law [1] cited by Appellant instructive, we decline to adopt the analysis set forth therein. We continue to recognize that possession may be constructive as well as actual. In conducting our review of the totality of the circumstances in each case we will consider, but not be limited to, factors which indicate (1) The weapon was used to actually facilitate the commission of the offense; (2) The weapon was possessed or strategically located to be quickly or easily located for use during the commission of an offense; (3) The weapon was intended to be used if a contingency arose or to make an escape; or, (4) The weapon was to be used either offensively or defensively in a manner which would constitute a threat of harm.

Based upon the foregoing, we find the evidence was insufficient to establish that the Appellant possessed the firearm during the commission of a felony. Therefore, the conviction for possession of a weapon during the commission of a felony is DISMISSED and VACATED. The convictions for Possession of a Controlled Dangerous Substance (Cocaine) (Count I) and Possession of an Illegal Weapon (Count IV) are AFFIRMED.

JOHNSON, V.P.J. and LANE and CHAPEL, JJ., concur.

1. Appellant has directed this Court to *United States v. Feliz–Cordero*, 859 F.2d 250 (2nd Cir. 1988) and *United States v. Henry*, 878 F.2d 937 (6th Cir.1989) for their interpretation of 18 U.S.C. § 924(c).