**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELGIN MARCORA BROWN,

    Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

    Respondents - Appellees.

No. 02-6041
D.C. No. CIV-01-1121-R
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

    Petitioner-Appellant Elgin Marcora Brown, a state inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the district

court's order denying him relief on his petition for a writ of habeas corpus.

Because Mr. Brown has not made "a substantial showing of the denial of a

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

On November 6, 1998, a jury convicted Mr. Brown of Unlawful Trafficking of Cocaine (Count I), Unlawful Possession of Marijuana with Intent to Distribute (Count II), Felonious Possession of a Firearm (Count III), Unlawful Possession of a Firearm in the Commission of a Felony (Count IV), Unlawful Possession of a Firearm with an Altered Serial Number (Count V), Racketeering (Count VI), and Unlawful Possession of Paraphernalia (Count VII), all after former conviction of two or more felonies. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") reversed Mr. Brown's convictions on Counts VI and VII, but affirmed the convictions and sentences on the other five counts. This resulted in consecutive sentences of: life imprisonment without parole and a $25,000 fine on Count I, twenty years imprisonment and a $20,000 fine on Count II, twenty years imprisonment on Count III, thirty years imprisonment on Count IV, and twenty-five years on Count V. Thereafter, Mr. Brown unsuccessfully sought post-conviction relief in state district court; the OCCA affirmed the denial of post-conviction relief.

On July 17, 2001, Mr. Brown filed his habeas petition pursuant to 28 U.S.C. § 2254 and a motion for evidentiary hearing and appointment of counsel. The matter was referred to a magistrate judge who in a report and

recommendation suggested that the petition be denied, along with the requests for an evidentiary hearing and appointment of counsel. R. Doc. 12. After considering objections to the report, the district court adopted it. R. Doc. 14.

On appeal, Mr. Brown argues that the district court's factual determinations justifying the denial of his claims of ineffective assistance of counsel, insufficiency of the evidence, and the denial of his request for an evidentiary hearing and appointment of counsel are clearly erroneous. Aplt. Br. 16 & 16.e. First, he claims that appellate counsel was ineffective for not arguing that trial counsel was ineffective for 1) failing to challenge the validity of the "no knock" warrant authorizing the search of his apartment, Aplt. Br. at 16-16.a, and 2) stipulating to the results of a chemist's report which Mr. Brown claims suffered from chain of custody deficiencies. Aplt. Br. at 16.b. Second, Mr. Brown claims that the evidence at trial was insufficient to sustain his convictions for possession of a firearm with an altered serial number, possession of marijuana with intent to distribute, and possession of a firearm during the commission of a felony. Aplt. Br. at 16, 16.c-16.d. Third, Mr. Brown argues that the district court should have appointed counsel and granted him an evidentiary hearing. Aplt. Br. at 16.e.

Because Mr. Brown filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that act are applicable. See Lindh v. Murphy, 521 U.S. 320, 326-27

- 3 -

(1997).  Pursuant to AEDPA, we may not grant a habeas petition with respect to any claim adjudicated on the merits in state court "unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of federal law under § 2254(d)(2) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.

We have carefully reviewed the district court's order as well as the report and recommendation of the magistrate judge.  We are satisfied that the many issues raised by Mr. Brown were correctly analyzed.  He has not met the burdens imposed by AEDPA and for substantially the same reasons given by the district

court we DENY a COA, DENY leave to proceed *in forma pauperis*, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge