**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELGIN MARCORA BROWN,

      Petitioner - Appellant,

v.

RANDY WORKMAN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No.  02-6201
(D.C. No. 01-CV-1389-R)
(W.D. Oklahoma)

**ORDER**

Before **SEYMOUR** , **KELLY** , and **LUCERO** , Circuit Judges.

Elgin Marcora Brown seeks to appeal from the district court's order
denying his petition for a writ of habeas corpus.  This matter comes before us on
his application for a certificate of appealability (COA).

Mr. Brown was convicted after a jury trial of possession of a controlled
dangerous substance with intent to distribute; unlawful possession of a firearm in
the commission of a felony; possession of a firearm; and unlawful possession of

cocaine, all after former conviction of one or more felonies.[1] The Oklahoma Court of Criminal Appeals (OCCA) upheld his conviction on direct appeal, and affirmed the state district court's denial of post-conviction relief. The federal district court denied habeas relief.

Unless a COA is issued, we lack jurisdiction to consider Mr. Brown's appeal. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034. While Mr. Brown, in applying for a COA, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 1040 (internal quotations omitted).

---

[1] These counts, charged in state case No. CRF-98-2, were tried at the same time as separate counts charged in state case No. CRF-98-269. Mr. Brown was also convicted on the counts charged in No. CRF-98-269. He filed a separate petition for habeas corpus as to those counts, which the district court denied. We denied a COA to appeal from the district court's denial of his previous habeas petition. *Brown v. Workman*, No. 02-6041, 49 Fed. Appx. 269 (10th Cir. 2002), *petition for cert. filed* (U.S. Feb. 4, 2003) (No. 02-9232).

With these principles in mind, we have carefully reviewed the record of these proceedings and the order of the district court. Each of Mr. Brown's issues were presented to the OCCA in his post-conviction appeal. The OCCA determined, as to each, that Mr. Brown had failed to establish constitutionally deficient performance by his appellate counsel.[2] We conclude that none of the issues he raises justifies issuance of a COA.

Mr. Brown contends his attorney should have argued that there was insufficient evidence to convict him on Count III of the complaint and information. Count III, felonious possession of a firearm, required the state to prove as an element that Mr. Brown had previously been convicted of a felony. *See* State R. at 152 (jury instruction); Okla. Stat. tit. 21, § 1283. Accordingly, this count was not tried until the second stage of his trial. *See Chapple v. State*, 866 P.2d 1213, 1217 (Okla. Crim. App. 1993). During the second stage, the state put on evidence concerning Mr. Brown's prior felony convictions. It did not present any evidence, however, on the other Count III elements: whether Mr. Brown "knowingly and willfully . . . possess[ed] or ha[d] under [his]

---

[2] The OCCA's decision on Mr. Brown's application for post-conviction relief does not appear in the appellate record in this case. It does appear, however, as an attachment to the state's brief in a related case in this court, No. 02-6041, from where we obtained and reviewed it.

immediate control [a] pistol or revolver." State R. at 152. Nor did the state expressly incorporate by reference the evidence presented during the first stage.

During the first stage, the jury had convicted Mr. Brown on Count II, possession of a firearm while committing a felony. The instruction on Count II required the jury to find all the same possession elements required by Count III in the second stage. State R. at 108. The jury was instructed to consider the first-stage instructions in connection with its second-stage deliberations. *Id.* at 165. Even if it disregarded the first-stage evidence, all the jury had to do was consider the Count II instruction, coupled with the completed first-stage verdict form on that count, *see id.* at 87, to take notice that it had already made all the necessary findings on the possession-related elements required by Count III. Therefore, there was sufficient evidence before the jury to justify its verdict on Count III.[3]

Mr. Brown next argues, relying on *Pebworth v. State*, 855 P.2d 605 (Okla. Crim. App. 1993), that his attorney was ineffective in failing to argue that an insufficient nexus existed between his possession of a firearm and the commission of a felony. Mr. Brown exited the residence and was driving down the street when officers stopped his car and returned him to the residence in connection

---

[3] We also note that at closing argument, the state directed the jury to consider its first-stage verdict as evidence that the Count III possession elements had been satisfied, without objection from Mr. Brown. Trial Tr. Vol. I at 297.

with the search. Once inside the residence, Mr. Brown made incriminating statements about the location of a gun and offered to lead the officers to drugs contained in the residence.

*Pebworth* was a fact-specific case, driven by the totality of the circumstances, in which the OCCA found that the defendant had abandoned the weapon, thereby severing any nexus between possession of the weapon and the underlying felony. *Id.* at 607. The OCCA rejected Mr. Brown's argument that his attorney was ineffective in failing to argue for *Pebworth*'s application to the facts of this case. Responsible jurists could not disagree that the OCCA's determination does not represent an unreasonable application of federal law or an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d). Mr. Brown has not shown his entitlement to a COA on this issue.

Finally, Mr. Brown contends that his appellate attorney should have argued that the affidavit for search warrant in his case was not adequately corroborated. The OCCA rejected this claim of ineffective assistance. The district court concluded that under the circumstances of this case, a challenge to the sufficiency of the warrant in the OCCA appeal would not have been successful. We agree. Mr. Brown has not shown his entitlement to a COA on this issue.

This court DENIES Mr. Brown's request for a COA, and DISMISSES this appeal.

Entered for the Court
PATRICK FISHER, Clerk


By: /s/A.J. Schuler
Deputy Clerk