Thomas Alfred **VENABLE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–886.

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Thomas Alfred Venable, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–76–212, for the offense of Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. After a trial by jury, in a bifurcated proceeding, defendant was sentenced to serve five (5) years' imprisonment, and from said judgment and sentence he appeals.

The uncontroverted testimony adduced on trial was that two plain-clothes Oklahoma City detectives, Officer Abernathy and Officer Terhune, were traveling on Interstate 40 in Oklahoma City, in their automobile, at approximately 10:45 p.m. on January 14, 1976, when they observed a truck overloaded with metal siding. They followed the truck and after it made an unusual maneuver in order to exit the interstate, they radioed for a backup unit, stopped the truck driven by the defendant, who was unable to produce a drivers license. They questioned the defendant concerning the ownership, origin and destination of the metal siding and after receiving vague and conflicting statements, the defendant was placed under arrest, advised of his *Miranda* rights, the truck was impounded and defendant and the two juve-

nile passengers were taken into custody. The two juveniles were questioned, then released to their parents.

Thereafter, based on information received from questioning the two juveniles, the two detectives proceeded to Mr. Peek's establishment, near Morgan Road, where they observed a pattern on the ground matching that on the metal siding, tire marks on the ground matching the tread on the tires of defendant's truck. They called Mr. Peek, the owner of the property, and at 1:30 on the morning of January 15th, he arrived at the scene where he discovered two stacks of metal siding were missing. He later observed the metal siding on the truck and identified them as being Delta Deco paneling, a franchised product for which he held the sole distributorship for this area. He testified that the siding on the truck was similar to the siding missing from his property and further that he had not given his employees, or anyone else, permission to remove the siding.

As his first assignment of error the defendant asserts that the trial court erred in failing to sustain a Motion to Suppress. The record reflects that not until the State had rested, and after the defendant's Demurrer to the evidence had been overruled, did counsel seek to question the validity of the arrest. This objection appears in the record at page 79, as follows:

"MR. OLIVER: All right, Your Honor. I would like to urge the Motion to Suppress at this time on the grounds that there was no probable cause to search the vehicle, that they arrested him for allegedly having a long load on the pickup without any warning lights on it. They had no information of anything being stolen.

"THE COURT: No. They didn't do it for that. They did it because he was driving that truck along there with that load sticking out about fifteen feet and no tail light.

"(Whereupon, an off-the-record conference was held.)

"THE COURT: All right. Overruled. Exceptions.

MR. OLIVER: We do urge our Motion to Suppress.

"THE COURT: Overruled. Exceptions."

The State correctly urges that this issue has not been properly preserved for review on appeal. We have repeatedly held that an objection to evidence obtained by an illegal arrest or search and seizure must be interposed at the first opportunity and should be made either at the beginning of the trial by motion to suppress the evidence, or during the course of the examination as soon as it becomes apparent that the State will rely thereon, and the defendant, failing to make timely objection, waives the right to be heard on such questions. An objection to evidence obtained by an illegal search is not timely when raised at the conclusion of the State's evidence by Demurrer or Motion for Directed Verdict. See, *Stryker v. State*, Okl.Cr., 559 P.2d 1253 (1977); *Martinez v. State*, Okl.Cr., 453 P.2d 304 (1969); *Shirey v. State*, Okl.Cr., 321 P.2d 981 (1957) and *Box v. State*, Okl.Cr., 541 P.2d 262 (1975).

Moreover, the defendant was lawfully arrested for a violation of 47 O.S.1971, § 12–213, the truck and its contents were thereafter impounded and the testimony relating to the description and identity of the metal siding on the truck was not obtained as a result of an illegal search and seizure, but resulted from observations made by the officer, before and after a lawful arrest, who was in a place where he had a right to be. See, *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). We, accordingly, dismiss this assignment of error.

The defendant's second assignment of error that the trial court should have sustained a demurrer to the evidence, and his fourth assignment of error that the evidence is insufficient to support the verdict, are wholly without merit. Even the most cursory examination of the record discloses that there is ample circumstantial evidence to support the verdict of the jury.

The defendant's assignment of error that the closing argument of the prosecutor, in the second stage after the defendant

·had been found guilty, was so prejudicial as to irreparably prejudice the rights of the defendant, is likewise without merit for two reasons. First, the defendant failed to object to the remarks now complained of and, therefore, did not preserve this issue for review on appeal. See *Davidson v. State*, Okl.Cr., 550 P.2d 974 (1976). Secondly, the remarks complained of were made after the defendant had been found guilty and could not have contributed to the verdict of the jury in that determination. Moreover, they were well within the permissible scope of closing argument. See *Battle v. State*, Okl. Cr., 478 P.2d 1005 (1970).

■ As his last assignment of error, defendant contends that the trial court should have been able to suspend the judgment and sentence, either in whole or in part, since only one of the three prior felony convictions had not been completed more than ten years prior to the conviction sustained in the instant case. The defendant's prior convictions were sustained in 1949, 1959 and he received a two year sentence on August 27, 1965, on his plea of guilty. He argues that the provisions of 21 O.S.Supp. 1975, § 51A should be extended to, and construed as a part of, 22 O.S.1971, § 991a. The provisions of 21 O.S.Supp.1975, § 51A are as follows:

> "No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; *provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony*." [Emphasis added]

The pertinent part of the provisions of 22 O.S.Supp.1976, § 991a is ·as follows:

> "Whenever a person is convicted of a crime and no death sentence is imposed, the court shall either:
>
> "(1) Suspend the execution of sentence in whole or in part, with or without probation, and may, at time of sentencing or at time during the suspended sentence, in addition, order restitution to the victim

according to a schedule of payments established by the sentencing court if the defendant agrees to pay such restitution or, in the opinion of the court, if he is able to pay such restitution without imposing manifest hardship on the defendant or his immediate family and if the extent of the damage to the victim is determinable with reasonable certainty. Provided, however, that any such order for restitution shall be made in conjunction with probation and will be made a condition of the suspended sentence, or

> \*     \*     \*     \*     \*     \*

> "Subsection (1) hereof shall not apply to persons being sentenced upon their third or subsequent to their third conviction of a felony.
> "\*   \*   \*""

Conceding that these statutes should be construed together, the conviction of a felony in 1965, whose expiration date was 1967, occurred within ten years of the instant conviction and operated to revitalize the two prior convictions sustained in 1949 and 1959, within the meaning of that portion of 21 O.S.Supp.1975, § 51A, stating: "provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony." We find this assignment of error to be without merit.

We note, however, that the trial court's statement that he would have suspended a part of the sentence had he been able to do so, can be, and should be, called to the attention of the Pardon and Parole Board by the Office of the Public Defender.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly, AFFIRMED.

BRETT, J., concurs.