OSCN Found Document:SANDERS v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SANDERS v. STATE
2015 OK CR 11
Decided: 10/01/2015
MICHAEL LEE SANDERS, Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2015 OK CR 11, __ __

 

 

OPINION

LUMPKIN, VICE PRESIDING JUDGE:

¶1 Appellant Michael Lee Sanders was tried by jury and convicted of Possession of a Firearm After Former Conviction of a Felony (Count I) (21 O.S.Supp.2012, § 1283) and Knowingly Concealing Stolen Property After Former Conviction of a Felony (Count II) (21 O.S.2011, § 1713), Case No. CF-2013-604, in the District Court of Payne County. The jury recommended as punishment imprisonment for ten (10) years in Count I and two (2) years in Count II. The trial court sentenced accordingly, ordering the sentences be served concurrently.

¶2 Appellant raises the following propositions of error in support of his appeal:

I. The State violated the prohibition against double jeopardy by carving two crimes from one presence of a gun.

II. The trial court erred in failing to hold a three stage trial.

III. Appellant's sentences were improperly enhanced by prior felonies that arose out of the same transaction.

IV. The trial judge erred by not properly instructing the jury as to sentencing.

V. The State failed to meet its burden of proof regarding enhancement.

VI. The trial judge erred by failing to find that an unlawful search took place in this case.

VII. The evidence was insufficient to support the charge of felon in possession of a weapon.

VIII. The evidence was insufficient to support the charge of concealing stolen property.

IX. Prosecutorial misconduct deprived Appellant of a fair trial and due process of law.

X. Because the trial judge erred by fluctuating between the terms "not guilty" and "innocence", Appellant was deprived of a fair trial and due process of law.

XI. Evidence which was more prejudicial than probative denied Appellant a fair trial.

XII. Ineffective assistance of counsel deprived Appellant of a fair trial.

XIII. Cumulative error deprived Appellant of a fair trial.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence the conviction and sentence in Count II for Knowingly Concealing Stolen Property shall be reversed with instructions to dismiss.

¶4 In Proposition I, we review the trial court's decision to deny Appellant's motion to dismiss Count II on multiple punishment grounds for an abuse of discretion. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194.

¶5 Title 21 O.S.2011, § 11(A) governs multiple punishments for a single criminal act. Section 11 provides in relevant part that:

[A]n act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, ... but in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law, bars the prosecution for the same act or omission under any other section of law.

¶6 The proper analysis of a Section 11 claim focuses on the relationship between the crimes. Barnard v. State, 2012 OK CR 15, ¶ 27, 290 P.3d 759, 767; Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126. If the crimes truly arise out of one act, Section 11 prohibits prosecution for more than one crime, absent express legislative intent. Barnard, 2012 OK CR 15, ¶ 27, 290 P.3d at 767. If the offenses at issue are separate and distinct, requiring dissimilar proof, Oklahoma's statutory ban on "double punishment" is not violated. Littlejohn v. State, 2008 OK CR 12, ¶ 16, 181 P.3d 736, 742. Thus, it is first necessary to examine the relationship between the two crimes to determine whether they constitute a single act. Barnard, 2012 OK CR 15, ¶ 27, 290 P.3d at 767.

¶7 This Court has considered multiple punishment claims involving convictions for Felon in Possession in several unpublished cases. Generally, this Court has found no Section 11 violation for felon in possession and other crimes in which the weapon was used to commit a crime at a later time. This line of cases generally state that felon in possession is a status crime and the defendant becomes guilty of the offense of felon in possession the moment he comes into possession of the weapon. Later use of the gun to commit another crime has been found to be a separate act from the preceding unlawful possession.[1]

¶8 Many of these unpublished cases lack a full factual analysis and we realize the confusion this creates in trying to discern the appropriate Section 11 analysis. Based upon our published case law the factors to consider in a Section 11 analysis are: 1) the particular facts of each case; 2) whether those facts set out separate and distinct crimes; and 3) the intent of the Legislature. While the crime of felon in possession is complete upon a convicted felon being in possession, either personally or constructively, of a weapon, see Hancock v. State, 2007 OK CR 9, ¶ 115, 155 P.3d 796, 823, the individual's further actions dictate whether additional criminal charges may arise from those acts. We use the terms "separate and distinct" in a Section 11 analysis in an attempt to give guidance to trial judges and attorneys. However, ultimately the trial judge must analyze the issue based on the particular facts presented, just as this Court must do on appeal.

¶9 In the present case, Payne County Sherriff's deputies served an arrest warrant on Appellant at a house owned by his girlfriend, Dakota Gottfried. Deputies had previously encountered Appellant at the house and had even been told by Appellant that he lived at the house. Appellant was known to the deputies to be a convicted felon. Deputy Myers approached the front door of the house and knocked several times. When the door opened, the deputy felt as though someone was behind the door. Deputy Myers called for Deputy Nack who was at the back door and together they entered the house with guns drawn. Appellant was observed crouching behind the front door with his hands up. Appellant obeyed directions to get on the floor and he was subsequently handcuffed.

¶10 In a protective sweep of the house, a Glock 17C[2] was observed on the kitchen table. While the kitchen area appeared to be a separate room, it was open and visible from the front door. The weapon could be seen from the front door. Deputies checked the weapon and found it was magazine loaded but not chamber loaded. By running the serial number, the deputies learned the gun was stolen.

¶11 Under these facts, Appellant was charged and convicted of committing the offenses of felon in possession and knowingly concealing stolen property at the same time, "on or about September 5, 2013". (O.R. 13). The same weapon was used to support both convictions. There was no temporal break in time between Appellant's possession of the gun and his concealing it. Because of the language of the felony information and the lack of a showing of "separate and distinct" acts, we find Appellant's act of having the gun improperly resulted in two charges and resulting convictions.[3]

¶12 Therefore, we find the trial court abused its discretion in finding that two separate and distinct crimes had been committed and in denying the motion to dismiss Count II. As Appellant's two convictions violate the multiple punishment provisions of Section 11, Appellant's conviction in Count II for Knowingly Concealing Stolen Property should be reversed with instructions to dismiss. Based upon this conclusion, we need not address Appellant's double jeopardy claim. See Barnard, 2012 OK CR 15, ¶ 26, 290 P.3d at 767 (because Section 11 complements the double jeopardy protections of the Oklahoma and United States Constitutions, a traditional double jeopardy analysis is conducted only if Section 11 does not apply).

¶13 In Proposition II, we find Appellant's objections to the two stage proceeding properly preserved the issue for our review. We review the trial court's denial of those objections for abuse of discretion. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d at 1194. Any error in failing to strictly follow 22 O.S.2011, § 860.1 and the procedures set forth in Chapple v. State, 1993 OK CR 38, ¶ 18, 866 P.2d 1213, 1216-17 was harmless as the jury instructions prevented Appellant from being unduly prejudiced. In the second stage, the jury was instructed that in Count II, the defendant had been charged with Knowingly Concealing Stolen Property after having formerly been convicted of a felony. The jury was informed that the defendant was presumed not to have been previously convicted and it was the State's burden to prove the prior conviction beyond a reasonable doubt. The second page of the felony information containing the allegation of the prior conviction for possession of a controlled dangerous substance/possession of a controlled dangerous substance in the presence of a minor was read and evidence was presented to the jury. The jury was then instructed on the range of punishment for knowingly concealing stolen property after one prior conviction and with no prior conviction.

¶14 The jury was also instructed that Appellant had been charged with Possession of a Firearm after having been convicted of Second Degree Burglary and that it was the State's burden to prove the charge beyond a reasonable doubt. The jury was instructed on the range of punishment if they found the defendant guilty.

¶15 These instructions were clear, explicit and unambiguous. Juries are presumed to follow their instructions. Williams v. State, 2001 OK CR 9, ¶ 43, 22 P.3d 702, 716. There is nothing in the record to indicate the jury could not follow the instructions. We find these instructions were specific enough to clearly channel the jury's decision making process between the felon in possession charge and the sentencing for the knowingly concealing stolen property conviction. See Williams, 2001 OK CR 9, ¶¶ 43-44, 22 P.3d at 715-16 (denial of motion to trifurcate proceedings was not error in light of limiting instructions). The trial court did not abuse its discretion in holding a two stage rather than three stage proceeding.

¶16 In Propositions III, IV, V, and VII Appellant raises allegations of error pertaining only to his conviction and sentence in Count II, Knowingly Concealing Stolen Property. In Proposition III, Appellant asserts that his sentence in Count II for Knowingly Concealing Stolen Property was improperly enhanced with two prior felonies arising out of the same transaction. In Proposition IV, he argues that the trial court improperly instructed the jury on the range of punishment in Count II, Knowingly Concealing Stolen Property. In Proposition V, Appellant contends the State failed to properly enhance the sentence in Count II by failing to prove the prior conviction beyond a reasonable doubt. And in Proposition VIII, Appellant challenges the sufficiency of the evidence to support his conviction for Knowingly Concealing Stolen Property. As addressed in Proposition I, the conviction in Count II for Knowingly Concealing Stolen Property is reversed and remanded with instructions to dismiss based upon a Section 11 violation. Therefore, the claims of error in Propositions III, IV, V, and VII are moot.

¶17 In Proposition VI, we review the trial court's denial of the motion to suppress the handgun for an abuse of discretion. Johnson v. State, 2012 OK CR 5, ¶ 11, 272 P.3d 720, 726.

¶18 Under Maryland v. Buie, 494 U.S. 325, 327, 110 S.Ct. 1093, 1094, 108 L.Ed.2d 276 (1990) in executing the arrest warrant for Appellant, the deputies could lawfully conduct a protective sweep of the home, occupied by a known felon, to determine if there were any other persons in the house or any weapons which could be used against them. Further, under Buie and the plain view exception to the warrant requirement, the deputies could seize the gun, lying in plain view on the kitchen table. See Horton v. California, 496 U.S. 128, 135, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112 (1990) ("[w]here the initial intrusion that brings the police within plain view of such an article is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate"); Fite v. State, 1993 OK CR 58, ¶ 18, 873 P.2d 293, 297 (plain view exception requires officer have a "lawful right of access to the object in plain view" and the "incriminating nature of the item be immediately apparent").

¶19 Appellant further argues that the deputy's calling in of the serial number visible on the gun to determine if the gun was stolen required a warrant or probable cause. This argument is moot as the stolen nature of the gun formed the basis for the Knowingly Concealing Stolen Property conviction which was reversed with instructions to dismiss in Proposition I.

¶20 In Proposition VII, reviewing the evidence in the light most favorable to the State, we find any rational trier of fact could have found the essential elements of the crime of felon in possession beyond a reasonable doubt. Rutan v. State, 2009 OK CR 3, ¶ 49, 202 P.3d 839, 849. Although there was conflict in the testimony, the evidence showed Appellant exercised dominion and control over the gun sufficient to prove his constructive possession of the weapon. See Watts v. State, 2008 OK CR 27, ¶ 12, 194 P.3d 133, 137-38 citing Pebworth v. State, 1993 OK CR 28, ¶ 12, 855 P.2d 605, 607 (a person may constructively possess a firearm where he exercises a power of dominion and control over it).

¶21 In Proposition IX, Appellant raises several instances of prosecutorial misconduct. Only one of the instances was met with a contemporaneous objection. On claims of prosecutorial misconduct, relief will be granted only where the prosecutor committed misconduct that so infected the defendant's trial that it was rendered fundamentally unfair, such that the jury's verdicts should not be relied upon. Roy v. State, 2006 OK CR 47, ¶ 29, 152 P.3d 217, 227, citing Donnelly v. DeChristoforo, 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974). We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. Mitchell v. State, 2010 OK CR 14, ¶ 97, 235 P.3d 640, 661; Cuestra-Rodriquez v. State, 2010 OK CR 23, ¶ 96, 241 P.3d 214, 243. We have long allowed counsel for the parties a wide range of discussion and illustration in closing argument. Sanchez v. State, 2009 OK CR 31, ¶ 71, 223 P.3d 980, 1004. Counsel enjoy a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. Id. We will reverse the judgment or modify the sentence only where grossly improper and unwarranted argument affects a defendant's rights. Id. 

¶22 The prosecutor's comment in closing argument regarding the defense's failure to present the video of Appellant's interview at the scene of the crime did not improperly shift the burden of proof. The comments were a fair inference from the evidence and did not imply that Appellant had any burden to prove his innocence. The comments did not override the jury's instructions on the presumption of innocence and burden of proof. The trial court did not abuse its discretion in overruling the objection. See Mitchell v. State, 2011 OK CR 26, ¶ 134, 270 P.3d 160, 189.

¶23 The other instances of prosecutorial misconduct we have reviewed for plain error only in the absence of contemporaneous objections. Under the test for plain error set forth in Simpson v. State, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d 690, 694, 699, 701 an appellant must show an actual error, that is plain or obvious, affecting his substantial rights, and which seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. See Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; Malone v. State, 2013 OK CR 1, ¶ 41, 293 P.3d 198, 211-212.

¶24 Reviewing the challenged comments in the context in which they were made, we find no error as the comments were based on the evidence and well within the wide range of discussion and illustration permitted in closing argument. See Mitchell, 2010 OK CR 14, ¶ 97, 235 P.3d at 661.

¶25 In Proposition X, we review for plain error only comments by the trial judge during voir dire that Appellant was "presumed not guilty." See Postelle v. State, 2011 OK CR 30, ¶ 54, 267 P.3d 114, 137 (failure to object to trial court's statements during voir dire waived all but plain error review). The correct statements of law given by the court during voir dire regarding the presumption of innocence combined with the written instructions clearly setting forth the correct statements of the law ameliorated the effect of any earlier misstatements and did not impermissibly lessen the burden of proof. See Mitchell, 2011 OK CR 26, ¶ 33, 270 P.2d at 172. Any error in the court's comments did not constitute plain error as it did not seriously affect the fundamental fairness of the trial.

¶26 In Proposition XI, Appellant contends that he was denied a fair trial by the admission of evidence which was more prejudicial than probative. Any arguments regarding evidence of stolen guns other than the Glock 17C are moot in light of the reversal of the conviction for knowingly concealing stolen property. Appellant's possession of the Glock 17C was sufficient to support the conviction for felon in possession and evidence of other stolen guns could have only impacted the jury's consideration of the charge for knowingly concealing stolen property.

¶27 Appellant's challenges to testimony from officers regarding Appellant's presence at Gottfried's house on prior occasions and that one of the deputies serving the arrest warrant was then employed as a drug investigator we review for plain error and find no error, thus no plain error. See Carter v. State, 2008 OK CR 2, ¶ 13, 177 P.3d 572, 576 (failure to object to admission of evidence waives all but plain error review).

¶28 Testimony regarding Appellant's contacts with Gottfried's house was not evidence of other crimes, but offered to show why the arrest warrant was served on him at that location. Deputy Nack's testimony that he was an "illegal drug investigator" at the time of this case did not imply that the arrest warrant had to do with drugs. Appellant's argument to the contrary is pure speculation and not based on the evidence. We find no error in the admission of the testimony and thus no plain error.

¶29 In Proposition XII, we have reviewed Appellant's claims of ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to show that counsel was ineffective, Appellant must show both deficient performance and prejudice. Goode v. State, 2010 OK CR 10, ¶ 81, 236 P.3d 671, 686 citing Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct, i.e., an appellant must overcome the presumption that, under the circumstances, counsel's conduct constituted sound trial strategy. Id., citing Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. To establish prejudice, Appellant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Goode, 2010 OK CR 10, ¶ 82, 236 P.3d at 686. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. Id. See also Harrington v. Richter, 562 U.S. 86, 111-112, 131 S.Ct. 770, 791-792, 178 L.Ed.2d 624 (2011).

¶30 Several of Appellant's claims of ineffectiveness are also contained in an Application for Evidentiary Hearing filed simultaneously with his appellate brief. Rule 3.11(B)(3)(6), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015) allows an appellant to request an evidentiary hearing when it is alleged on appeal that trial counsel was ineffective for failing to utilize available evidence which could have been made available during the course of trial. Warner v. State, 2006 OK CR 40, ¶ 207, 144 P.3d 838, 893. Once an application has been properly submitted along with supporting affidavits, this Court reviews the application to see if it contains sufficient evidence to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. Id. See also Grissom v. State, 2011 OK CR 3, ¶ 80, 253 P.3d 969, 995; Simpson v. State, 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905-06.

¶31 No supporting affidavits or documents are attached to the Application showing that the claims of ineffectiveness could not have been raised in the direct appeal. In fact, certain claims of ineffectiveness were raised in the appellate brief and Appellant merely expands those arguments in the Application. Under these circumstances, the Application for Evidentiary Hearing on Sixth Amendment Grounds is not properly before us. Regarding the claims of ineffectiveness raised in the appellate brief, Appellant has failed to meet the more rigorous federal standard set forth in Strickland for ineffective assistance of counsel. See Simpson, 2010 OK CR 6, ¶ 53, 230 P.3d at 905-906.

¶32 Finally, in Proposition XIII, we have that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Williams v. State, 2001 OK CR 9, ¶ 127, 22 P.3d 702, 732. However, when there have been numerous irregularities during the course of a trial that tend to prejudice the rights of the defendant, reversal will be required if the cumulative effect of all the errors is to deny the defendant a fair trial. Id. In Proposition I, we found Appellant's convictions violated the prohibitions against multiple punishment and reversed with instructions to dismiss the conviction in Count II for Knowingly Concealing Stolen Property. Any other errors, considered singly or cumulatively, were not so egregious as to deny Appellant a fair trial and do not warrant require further relief.

DECISION

¶33 The Judgment and Sentence in Count I is AFFIRMED. The Judgment and Sentence in Count II is REVERSED WITH INSTRUCTIONS TO DISMISS. The Application for Evidentiary Hearing on Sixth Amendment Grounds is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF PAYNE COUNTY
THE HONORABLE PHILLIP CORLEY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 JODIE GAGE
 715 S. HUSBAND, STE. 3
 STILLWATER, OK 74074
 COUNSEL FOR THE DEFENSE

 
 
 TOM LEE
 DISTRICT ATTORNEY
 DEBRA VINCENT
 TYSON BRANYAN
 ASSISTANT DISTRICT ATTORNEYS
 PAYNE COUNTY COURTHOUSE
 STILLWATER, OK 74074
 COUNSEL FOR THE STATE

 OPINION BY: LUMPKIN, V.P.J.:

 SMITH, P.J.: CONCUR
 JOHNSON, J.: CONCUR
 LEWIS, J.: CONCUR
 HUDSON, J.: CONCUR

  
 
 
 APPEARANCES ON APPEAL

 LISBETH L. MCCARTY
 INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 
 E. SCOTT PRUITT
 ATTORNEY GENERAL OF OKLAHOMA
 LORI S. CARTER
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

FOOTNOTES

[1] See e.g. Evitt v. State, F-2011-440 (opn. not for pub., May 2, 2013) (no Section 11 violation for convictions for possession of a firearm, after former conviction of a felony and reckless conduct with a firearm); Watson v. State, F-2007-638 (opn. not for pub., Aug. 17, 2009) (convictions for concealing a stolen .40 caliber Ruger handgun and possession of that same handgun while committing a felony found to be two separate and distinct acts); Evans v. State, F-2007-848 (opn. for not pub., Dec. 19, 2008) (no Section 11 violation in convictions for felon in possession and robbery with a firearm); Hamilton v. State, F-2005-1085 (opn. not for pub., March 30, 2007) (no Section 11 violation for convictions for felon in possession and felony murder).

[2] This is the description reflected by testimony of the owner. While Glock does not advertise a Model 17C, it is apparent the testimony referred to a compact version of Model 17.

[3] See e.g. Wabaunsee v. State, C-2010-940 (opn. not for pub., Dec. 7, 2011) (Section 11 violation found in convictions for possession of a firearm during the commission of a felony and felon in possession); Wafford v. State, F-2002-1470 (opn. not for pub., Nov. 25, 2003) (Section 11 violation found in convictions for possession of a weapon while committing a felony and knowingly concealing stolen property).






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.