GILLIOMS v. STATE
2022 OK CR 3
Case Number: F-2020-469
Decided: 01/27/2022
MARTAVEOUS DWAYNE GILLIOMS, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 3, __ __

 

 

S U M M A R Y O P I N I O N 

LUMPKIN, JUDGE:

¶1 Appellant Martaveous Dwayne Gillioms was tried by jury and convicted of Second Degree Felony Murder, After Former Conviction of Two or More Felonies (Count I) (21 O.S.2011, § 701.821 O.S.2011, § 856.3

¶2 Appellant raises the following propositions of error in support of his appeal:

I. Because the evidence was insufficient to support [Appellant's] conviction for committing a gang related offense, due process requires that conviction to be reversed and remanded with instructions to dismiss.

II. Because the crime of commission of a gang related offense is a violation of the First Amendment of the United States Constitution, this charge must be reversed and remanded with instructions to dismiss.

III. The other bad acts evidence in this case was improperly admitted in violation of Okla. Stat. Tit. 12, § 2404(B) and the due process clauses of the state and federal constitutions as the probative value did not outweigh its unfair prejudice.

IV. The prosecutor made highly prejudicial and inflammatory statements during closing argument depriving [Appellant] of a fair trial.

V. Trial errors, when considered in cumulative fashion, warrant a new trial.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

¶4 In Proposition I, Appellant challenges the sufficiency of the evidence supporting his conviction in Count II, Gang Association While in the Commission of a Gang Related Offense, and asks this Court to reverse and remand his conviction with instructions to dismiss. Appellant argues the evidence in his case was insufficient to prove that his actions during the assault on the victim, Maurice Pendleton, which ultimately led to the victim's death, were done while in association with any criminal street gang.

¶5 Challenges to the sufficiency of the evidence are reviewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Mitchell v. State, 2018 OK CR 24424 P.3d 677Id.

¶6 Appellant was convicted under 21 O.S.2011, § 856.3

Any person who attempts or commits a gang-related offense as a condition of membership in a criminal street gang or while in association with any criminal street gang or gang member shall be guilty of a felony offense. . . . For purposes of this section, "criminal street gang" is defined by subsection F of Section 856 of Title 21 of the Oklahoma Statutes and "gang-related offense" means those offenses enumerated in paragraphs 1 through 16 of subsection F of Section 856 of Title 21 of the Oklahoma Statutes.

Title 21 O.S.2011, § 856

F. "Criminal street gang" means any ongoing organization, association, or group of five or more persons that specifically either promotes, sponsors, or assists in, or participates in, and requires as a condition of membership or continued membership, the commission of one or more of the following criminal acts . . . [list of eighteen (18) criminal acts].

¶7 This Court has not previously defined the phrase "while in association with any criminal street gang or gang member" as used in Section 856.3. Under the well-established rules of statutory construction, a statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. See Luna-Gonzales v. State, 2019 OK CR 11442 P.3d 171State v. Anderson, 1998 OK CR 67972 P.2d 32

¶8 The plain language of the statute shows the crime can be committed either by an individual as a part of criminal street gang initiation or "while in association with" a "criminal street gang or gang member." While other sub-parts of the statute provide definitions relating to this offense, Section 856.3 is the operative criminal statute setting out the elements of the crime.

¶9 If the plain language of the statute were not enough, we note that Merriam-Webster Dictionary defines the term "in association with" as "in connection with or together with". Merriam-Webster.com Dictionary (2021). Applying this definition to the terms used in Section 856.3, the Legislature intended for the offense of Gang Association While in the Commission of a Gang Related Offense to apply to enumerated crimes committed by a member of a criminal street gang as a condition of membership, or by a person seeking membership as part of their initiation, or in association with other gang members.

¶10 This statute was drafted by the Legislature to provide a separate crime which can be punished in addition to any underlying crime without conflict under the principles of double jeopardy or double punishment (21 O.S.2011, § 11

¶11 In this case, the evidence shows Appellant was a member of the Neighborhood Crips criminal street gang and murdered the victim while in association with two other gang members.

¶12 On July 18, 2017, the victim, Appellant, co-defendants Miller and Ligons and three other inmates were taken to an area in the county jail to await disciplinary hearings. The victim was the last person taken to the waiting area.

¶13 Appellant and co-defendants Miller and Ligons were members of the Neighborhood Crips. The victim was a member of the Hoover Crips. Officers with the Oklahoma City Police Department Gang Intelligence Unit testified that Neighborhood Crips and Hoover Crips did not get along. The evidence showed that Appellant, Miller, and Ligons knew each other to be Neighborhood Crips and were all housed in the same pod in the county jail.

¶14 As soon as the victim arrived in the waiting area, a conversation arose between the victim, Appellant, and Miller that included terms insulting to Hoover Crips. Appellant, Miller, and Ligons proceeded to assault the victim, kicking and punching him as he tried to escape from them. Appellant, Miller, and Ligons attempted to strip off the victim's clothes. After less than five minutes, a passing detention officer heard banging sounds coming from the door to the waiting area. He opened the door to the waiting area and the beaten and injured victim quickly exited the area. The victim was taken to the medical clinic in the jail. His worsening condition necessitated transportation to a nearby hospital emergency room. The victim died from his injuries approximately five (5) hours later.

¶15 After the assault, the inmates in the waiting area were offered medical assistance. Appellant was the only inmate who accepted medical treatment. The other inmates were taken back to their cells. After being evaluated at the clinic, Appellant was returned to his cell - in the same pod with Miller and Ligons and other Neighborhood Crips. Appellant was seen repeatedly raising his arms and making hand signs. Capt. Henley, Oklahoma County Sheriff's Department, the criminal investigator on the case, testified, "he [Appellant] keeps throwing up gang signs. And that's his place. He's up on the top rung." When asked the significance of Appellant's conduct, Capt. Henley replied, "after altercations, especially gang related altercations, they want to celebrate and they want to make it known inside the pod that something just took place. And I find that significant just considering that the victim was a Hoover and him being a Neighborhood." Appellant's movements were seen by other inmates until he was locked down in his cell.

¶16 The testimony of law enforcement officers well versed and experienced in gang culture and the conduct of jail inmates showed that Appellant, together with co-defendants and fellow gang members Miller and Ligons, murdered the victim because he belonged to a rival gang. As we stated in Thompson v. State, 2007 OK CR 38169 P.3d 1198

¶17 In Proposition II, Appellant challenges his conviction in Count II on the grounds that 21 O.S.2011, § 856.3

¶18 Appellant admits he did not raise this objection at trial. Therefore, our review on appeal is for plain error. See Stewart v. State, 2016 OK CR 9372 P.3d 508Simpson v. State, 1994 OK CR 40876 P.2d 690Stewart, 2016 OK CR 9See also Lee v. State, 2018 OK CR 14422 P.3d 782

¶19 This Court reviews constitutional challenges to the face of a statute, such as Appellant has raised, under a de novo standard of review. Vanderpool v. State, 2018 OK CR 39434 P.3d 318Weeks v. State, 2015 OK CR 16362 P.3d 650Id. Every presumption must be indulged in favor of the constitutionality of an act of the Legislature, and it is the duty of the courts, whenever possible, to harmonize acts of the Legislature with the Constitution. Id. 2018 OK CR 39Id. The constitutionality of a statute will be upheld unless it is clearly, palpably, and plainly inconsistent with fundamental law. Id. 

¶20 "The United States Supreme Court has recognized that the First Amendment to the United States Constitution encompasses a right to expressive association which affords 'protection to collective effort on behalf of shared goals[;]' i.e., '[the] right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.'" Tafolla v. State, 2019 OK CR 15446 P.3d 1248Roberts v. United States Jaycees, 468 U.S. 609, 622 (1984)). The right to associate for expressive purposes is not absolute and may be restricted to serve compelling state interests. Id.

Violence or other types of potentially expressive activities that produce special harms distinct from their communicative impact, such practices are entitled to no constitutional protection. Roberts, 468 U.S. at 628.

¶21 Section 856.3 does not violate Appellant's First Amendment right to association as it does not criminalize membership in a gang. Section 856.3 punishes conduct, not group association. The scope of Appellant's First Amendment right of association does not encompass a right to associate with active members of a criminal street gang for the purpose of engaging in crime. Here, Appellant cannot show error where he engaged in conduct unprotected by the First Amendment where, in association with a criminal street gang, he participated in the fatal beating of the victim based on the victim's differing gang membership. Appellant's First Amendment challenge fails as we find Section 856.3 is constitutional. This proposition is denied.

¶22 In Proposition III, Appellant argues the trial court improperly admitted evidence of other crimes. Specifically, he complains about evidence that he was involved in a prior altercation with inmate Terrell Toles, a Hoover gang member; and evidence that Appellant was a gang member who had tattoos which meant "Hoover Killer" and "Shotgun Killer".

¶23 The general rule is that, when an accused is placed on trial, he is to be convicted by evidence that shows him guilty of the offense charged and not of other offenses not connected with the charged offenses. Evidence that a defendant committed other crimes, however, is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Williams v. State, 2008 OK CR 19188 P.3d 20812 O.S.2011, § 2404Burks v. State, 1979 OK CR 10594 P.2d 771overruled in part on other grounds, Jones v. State, 1989 OK CR 7772 P.2d 922Eizember v. State, 2007 OK CR 29164 P.3d 208 To be admissible, evidence of uncharged offenses must be probative of a disputed issue of the crime charged, there must be a visible connection between the crimes, evidence of the other crime(s) must be necessary to support the State's burden of proof, proof of the other crime(s) must be clear and convincing, the probative value of the evidence must outweigh the prejudice to the accused and the trial court must issue contemporaneous and final limiting instructions. Welch v. State, 2000 OK CR 82 P.3d 356. Id.

¶24 The State timely filed a Burks notice regarding the assault on Toles. The Notice set out the details of the assault and stated that such evidence was admissible pursuant to 21 O.S.2011, § 2404(B) as it establishes "proof of motive, intent, opportunity, knowledge, identity, common scheme or absence of mistake."

¶25 This evidence was part of a pre-trial motion hearing. At the conclusion of testimony, defense counsel objected to admission of the evidence, arguing that it was just as likely Toles was assaulted because he was a sex offender, and not because of any gang animosity. The trial court rejected counsel's objection and found the evidence admissible. Defense counsel renewed the objection to the evidence at trial when the State called Deputy McKeehan to testify to the assault on Toles.

¶26 Now on appeal, Appellant argues the Toles evidence should not have been admitted because there was no visible connection to the present case. Appellant argues Toles was experiencing "mental health distress" at the time and no witnesses testified as to exactly what happened inside the cell shared by Toles, Appellant, and co-defendant Miller where the assault took place. In contrast, according to Appellant, the attack on the victim in this case, Pendleton, happened on the ball court, in front of other inmates, and was led by co-defendant Ligons.

¶27 Appellant also claims the evidence was not necessary for the State to meet its burden of proof. Appellant argues the State's burden relied on acts, and any gang animosity could have been shown through testimony of what gangs the various individuals were members of and how those gangs interacted. Evidence, according to Appellant, which was already before the jury from testimony of gang experts.

¶28 We review Appellant's claim for an abuse of discretion. Moore v. State, 2019 OK CR 12443 P.3d 579Burks notice initially listed all of the exceptions under which the evidence was offered, "motive" and "common scheme" are specifically addressed in the notice's conclusion. It is clear from the record that all parties understood the State's theory was that Appellant assaulted the victim because of his membership in a rival gang. While the prior assault on Toles took place in the cell he shared with Appellant and Miller, and there were no other witnesses to the assault, the assault on Toles had sufficient similarities to the assault on the victim in the present case to make evidence of the previous assault admissible. See Moore, 2019 OK CR 12

¶29 The evidence showed that both Toles and Pendleton were Hoover Crips, rival gang members to Appellant. The assault on Toles occurred in the cell he shared with Appellant and Miller at the Oklahoma County Jail approximately two months before the assault on Pendleton. Both assaults involved stripping or attempts to strip the victim of his clothes. Both victims were beaten until bloody. An insult pertinent only to Hoovers was heard after each beating. Appellant and Miller appeared to be celebrating after the assault on Toles.

¶30 Evidence of the Toles assault was relevant in showing the fatal beating of Pendleton was no accident, and that Appellant had a motive to beat up Pendleton because he was a rival gang member. There was no evidence to support defense counsel's claim that Toles was beaten because he was a sex offender.

¶31 Evidence of the prior altercation with Toles was relevant and probative of Appellant's motive, intent, and absence of mistake or accident. "Relevant evidence is evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Postelle v. State, 2011 OK CR 30267 P.3d 11412 O.S.2011, § 2401Knapper v. State, 2020 OK CR 16473 P.3d 1053

¶32 The probative value of the evidence was not substantially outweighed by the danger of unfair prejudice as the jury was given a cautionary instruction on the use of the other crimes evidence. See 12 O.S.2011, § 2403

¶33 The other challenged evidence involves testimony relating to field interviews between Oklahoma City Police Officers and Appellant in which Appellant was identified as a member of the Neighborhood Crips (NHC) gang and had tattoos that meant "Hoover Killer" and "Shotgun Killer". Appellant argues the evidence should have been excluded because: 1) he offered to stipulate that he was a member of NHC; and 2) it was improper other crimes evidence. The State responds that the evidence was properly admitted as res gestae of the offense charged.

¶34 We review admission of this evidence for abuse of discretion as Appellant raised an objection and offered to stipulate to his gang membership. Moore, 2019 OK CR 12

¶35 The State did not include evidence of Appellant's gang membership or his tattoos in their Burks notice. Given the nature of the charge in Count II, evidence of Appellant's gang membership was nothing other than crimes evidence. Establishing that the defendant is a member or associated with a criminal street gang is an element of Section 856.3 which the State bore the burden of proving. Although Appellant offered to stipulate to his gang membership, the State was not obligated to accept the stipulation. While certain parts of the State's evidence regarding Appellant's gang membership was duplicative or repetitive, Appellant has failed to meet his burden of showing the repetition was needless or inflammatory. Mitchell v. State, 2010 OK CR 14235 P.3d 640

¶36 Evidence of the meaning of Appellant's tattoos is at most a bad act which falls under the res gestae rules. No evidence was introduced that Appellant had the tattoos because he had actually killed a Hoover. Evidence of bad acts or other crimes may be admissible where they form a part of an entire transaction or where there is a logical connection with the offenses charged. Eizember, 2007 OK CR 29res gestae exception differs from the listed exceptions to the evidence rule; in that in the listed exceptions, the other offense is intentionally proven, while in the res gestae exception, the other offense incidentally emerges. Id. Evidence is considered res gestae, when: a) it is so closely connected to the charged offense as to form part of the entire transaction; b) it is necessary to give the jury a complete understanding of the crime; or c) when it is central to the chain of events. Id. See also Tafolla, 2019 OK CR 15

¶37 Pursuant to the balancing test of 12 O.S.2011, § 2403

¶38 In Proposition IV, Appellant claims that statements made during the prosecutor's closing argument denied him a fair trial. Both parties acknowledge that none of the comments now challenged were met with contemporaneous objections at trial. Therefore, our review on appeal is for plain error under the standard set forth above. See Tafolla, 2019 OK CR 15

¶39 We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. Sanders v. State, 2015 OK CR 11358 P.3d 280Id. The prosecutor's misconduct must have so infected the defendant's trial so that it was rendered fundamentally unfair, such that the jury's verdicts should not be relied upon before relief will be granted. Id.

¶40 Appellant asserts the State's closing argument "was ridden with emotional statements designed to sway the jury." Specifically, he argues the prosecutor: 1) disparaged defense counsel; 2) misstated the evidence; 3) and made arguments designed to show the jury that Appellant was a bad person who deserved punishment. We have thoroughly reviewed the challenged comments and find no error warranting relief. Several comments were made in response to arguments of defense counsel. Comments which were "invited" and do no more than respond substantially in order to "right the scale" do not warrant reversing a conviction. . . .improper remarks of a prosecuting attorney to the jury, which were provoked by and made in reply to remarks of the defense counsel, are not ordinarily grounds for new trial. Paxton v. State, 1993 OK CR 59 71, 867 P.2d 1309See also Cuesta-Rodriguez v. State, 2010 OK CR 23241 P.3d 214 Ellis v. State, 1992 OK CR 45867 P.2d 1289

¶41 Other comments were based on the evidence and well within the wide range of discussion allowed the parties on closing argument. Sanders, 2015 OK CR 11Id. "Counsel enjoy a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it." Id. As we said in Williams v. State, 2008 OK CR 19188 P.3d 208Williams, the prosecutor's arguments were reasonable conclusions based on the evidence.

¶42 Further, the jury was instructed not to let sympathy or sentiment enter their deliberations. Juries are presumed to follow their instructions. Sanders, 2015 OK CR 11

¶43 Having thoroughly reviewed Appellant's challenges, we find the prosecutor's conduct was not so improper or prejudicial so as to have infected the trial so that it was rendered fundamentally unfair. The prosecutor's comments did not urge the jury to divert from its duty to decide the case on the law and the evidence. We find no error, and thus no plain error. This proposition of error is denied.

¶44 In Proposition V, Appellant argues the accumulation of errors denied him a fair trial. This Court has held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Engles v. State, 2015 OK CR 17366 P.3d 311Williams v. State, 2001 OK CR 922 P.3d 702

¶45 Accordingly, this appeal is denied.

DECISION

¶46 The JUDGMENT and SENTENCE is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY
THE HONORABLE BILL GRAVES, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 KIMBERLY MILLER
 ASST. PUBLIC DEFENDER
 OKLA. CO. PUBLIC DEFENDER'S OFFICE
 320 ROBERT S. KERR, STE. 611
 OKLA. CITY, OK 73102
 COUNSEL FOR THE DEFENSE

 DAVID PRATER
 DISTRICT ATTORNEY
 SUZANNE LAVENUE
 JESSICA FOSTER
 ASST. DISTRICT ATTORNEYS
 320 ROBERT S. KERR, STE. 505
 OKLA. CITY, OK 73012
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 AMANDA N. HOLDEN
 ASST. PUBLIC DEFENDER
 OKLA. CO. PUBLIC DEFENDER'S OFFICE
 320 ROBERT S. KERR, STE. 400
 OKLA. CITY, OK 73102
 COUNSEL FOR APPELLANT

 DAWN CASH
 ACTING ATTORNEY GENERAL
 OF OKLAHOMA
 THEODORE M. PEEPER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLA. CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J..: Recuse
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur

FOOTNOTES

21 O.S.2011, § 13.1

See Miller v. State, Case No. F-2020-583 and Ligons v. State, F-2020-425.