COFFMAN v. STATE
2022 OK CR 23
Case Number: F-2018-1268
Decided: 09/29/2022
STEWART WAYNE COFFMAN, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 23, __ __

 

 

OPINION 

LUMPKIN, JUDGE:

¶1 Appellant Stewart Wayne Coffman was tried by jury and convicted of First Degree Manslaughter (21 O.S.2011, § 711

¶2 Appellant raises the following propositions of error in support of his appeal:

I. Mr. Joe Battiest, the victim in this case, is an enrolled member of the Choctaw Indian Tribe, and the crime occurred within the jurisdictional boundaries of the Choctaw Nation. As such, the State courts lack jurisdiction to prosecute [Appellant] for manslaughter, a crime only the federal government may prosecute if it occurs in Indian Country, thereby requiring this Court to dismiss the charges against Appellant.

II. Three out of the four prior felony convictions used to enhance the sentence in this case were more than ten years old, thus were not permitted to be used for enhancement purposes. Therefore, this Court must remand the matter for a new sentencing hearing whereby [Appellant] will be sentenced after one felony conviction, rather than four, or otherwise modify the sentence.

III. [Appellant] received ineffective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article II, § 20 of the Oklahoma Constitution.

IV. Under the unique circumstances of this case, the forty year sentence assessed is excessive and should be modified.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

¶4 In Proposition I, Appellant relies on Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017) to argue that the State of Oklahoma did not have jurisdiction to prosecute him because his victim is an enrolled member of the Choctaw Nation and the crime occurred within the jurisdictional boundaries of the Choctaw Nation. Appellant does not claim that he is Indian.

¶5 During the pendency of this appeal, the United States Supreme Court decided McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). Based upon McGirt, this Court determined that the State of Oklahoma did not have jurisdiction to prosecute Appellant because his case involved an Indian victim and the crime occurred within the boundaries of the Choctaw Nation Reservation, which is an Indian Tribal Entity recognized by the federal government. His conviction was therefore reversed, and the case remanded to the District Court for dismissal. See Coffman v. State, Case No. F-2018-1268 (opinion not for publication, August 26, 2021). The mandate was issued September 15, 2021.

¶6 On June 29, 2022, the United States Supreme Court decided Oklahoma v. Castro-Huerta, 597 U.S. ___, 142 S.Ct. 2486 (2022) holding that the State of Oklahoma and the federal government have concurrent jurisdiction to prosecute a non-Indian defendant for crimes committed against an Indian victim in Indian Country. On June 30, 2022, the Supreme Court issued Oklahoma v. Coffman, No. 21-772 granting the petition for writ of certiorari filed by the State of Oklahoma, vacating this Court's judgment in Appellant's appeal and remanding the case to this Court for further consideration in light of the decision in Castro-Huerta. The Supreme Court's order places this case in the position it was before the issuance of our original opinion and we now consider all propositions of error raised by Appellant. This decision replaces the original opinion in this matter.

¶7 We find relief is not warranted in Proposition I. Appellant has not claimed to be Indian, nor has any evidence of his Indian status been offered in this case. Therefore, as Appellant is not Indian, we find that under Castro-Huerta, the State of Oklahoma had jurisdiction, concurrent with the federal government, to prosecute him for crimes against an Indian victim committed in Indian Country. Castro-Huerta, 142 S.Ct. at 2491. See also State v. Ward, 2022 OK CR 16

¶8 In Proposition II, Appellant contends the State improperly enhanced his sentence with stale convictions. The following prior convictions were used to enhance Appellant's sentence: CF-1998-29 from McCurtain County for two counts of Unlawful Delivery of Controlled Dangerous Substance with sentences of twenty-five (25) years with all but the first ten (10) years suspended in each count. Also from McCurtain County, Case Nos. CF-1992-176 for Second Degree Burglary with a six (6) year sentence; CF-1988-45 for Larceny of a Motor Vehicle with an eight (8) year sentence; and CF-1984-42 for Assault with a Dangerous Weapon with a five (5) year sentence. Appellant admits that under 21 O.S.2011, § 51.2

¶9 Appellant acknowledges that trial counsel did not raise an objection to the use of the prior convictions. Our review therefore is for plain error. Tafolla v. State, 2019 OK CR 15446 P.3d 1248Simpson v. State, 1994 OK CR 40876 P.2d 690Id. See also Duclos v. State, 2017 OK CR 8400 P.3d 781Hogan v. State, 2006 OK CR 19139 P.3d 907

¶10 Under 21 O.S.2011, § 51.2See also Tucker v. State, 2016 OK CR 29395 P.3d 1

¶11 A sentence is completed when the Department of Corrections has relinquished their control of a defendant and unconditionally released him. Harmon v. State, 1988 OK CR 12748 P.2d 992Nipps v. State, 1978 OK CR 30576 P.2d 310Tucker, 2016 OK CR 29Goodwin v. State, 1986 OK CR 180730 P.2d 1202

¶12 Here, Appellant has not met his burden of coming forward with evidence to show that the sentence in any of his former convictions had been satisfied for more than ten (10) years and therefore was not admissible for enhancement purposes. Appellant directs us to the Supplemental Information filed in his case that lists the sentences and sentencing dates of the prior convictions to be used for enhancement in his case. However, this information does not show when Appellant discharged those prior sentences. He has not presented any information or evidence showing when the prior sentences were discharged.

¶13 Based upon the record before us, since 1984, Appellant has not gone ten (10) years without a felony conviction. The 1998 conviction, which Appellant admits was properly admissible for enhancement purposes, served to revitalize the prior, successive felony convictions, fewer than ten (10) years apart, for enhancement purposes. See Robinson v. State, 1991 OK CR 23806 P.2d 1128Venable v. State, 1977 OK CR 232567 P.2d 1006

¶14 In Proposition III, Appellant claims he was denied the effective assistance of counsel by counsel's failure to raise the jurisdictional issue addressed in Proposition I of this appeal and the failure to object to the use of the prior convictions as addressed in Proposition II. We review Appellant's claim of ineffective assistance under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Sanders v. State, 2015 OK CR 11358 P.3d 280Id (citing Strickland, 466 U.S. at 687).

¶15 In Strickland, the Supreme Court said there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct, i.e., an appellant must overcome the presumption that, under the circumstances, counsel's conduct constituted sound trial strategy. Sanders, 2015 OK CR 11Id. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. Id. (citing Harrington v. Richter, 562 U.S. 86, 111--112 (2011)). When a claim of ineffective assistance of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. Strickland, 466 U.S. at 696.

¶16 Appellant first finds counsel ineffective for failing to challenge the State's jurisdiction to prosecute him. This claim is largely dependent on information contained in a contemporaneously filed Motion to Supplement the Record on Appeal or, in the Alternative, Application for Evidentiary Hearing on Sixth Amendment Claims. Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022) allows an appellant to request an evidentiary hearing when it is alleged on appeal that trial counsel was ineffective for failing to utilize evidence which could have been made available during the course of trial. Frederick v. State, 2017 OK CR 12400 P.3d 786, Williamson v. State, 2018 OK CR 15422 P.3d 752Id. The attachments filed in support of a request for an evidentiary hearing are not considered, by reason of their filing with this Court, part of the trial record. Bland v. State, 2000 OK CR 114 P.3d 702Dewberry v. State, 1998 OK CR 10954 P.2d 774

¶17 In Exhibit A, Kim Marks, Investigator for the Oklahoma Indigent Defense System, states that in the course of assisting appellate counsel, she retrieved records showing that the victim in this case was a registered member with the Choctaw Nation and the crime occurred within the boundaries of the Choctaw Nation. Attachments A-1 and A-2 support her statements.

¶18 In light of Castro-Huerta, Appellant has not shown clear and convincing evidence suggesting a strong possibility that trial counsel was ineffective for failing to utilize evidence of the Indian status of the victim and the location of the crime. Such evidence does not warrant relief in Appellant's case under Castro-Huerta. Appellant's request to remand for evidentiary hearing to address Sixth Amendment claims is denied.

¶19 When we review and deny a request for an evidentiary hearing on a claim of ineffective assistance under the standard set forth in Rule 3.11, we necessarily make the adjudication that Appellant has not shown defense counsel to be ineffective under the more rigorous federal standard set forth in Strickland. Simpson v. State, 2010 OK CR 6230 P.3d 888

¶20 Regarding Appellant's claim that counsel was ineffective for failing to challenge the allegedly "stale" convictions, as we addressed in Proposition II, all of the prior convictions were properly admissible for enhancement purposes. Any objection by counsel would have been denied. As we have repeatedly held, this Court will not find counsel ineffective for failing to raise objections that would have been denied. Frederick, 2017 OK CR 12

¶21 In Proposition IV, Appellant contends that his forty (40) year sentence is excessive as "the imposition of a 40 year sentence on a man approaching 60 years old and in failing health, should shock the Court's conscience." Appellant asks that we modify his sentence in the interest of justice.

¶22 The question of excessiveness of punishment must be determined by a study of all the facts and circumstances of each case. Bivens v. State, 2018 OK CR 33431 P.3d 985Id. 

¶23 Appellant was convicted of First Degree Manslaughter and sentenced to forty (40) years in prison with credit for time served. The range of punishment for his offense, After Former Conviction of Two or More Felonies, is twenty (20) years to life in prison. His forty (40) year sentence is well within statutory range.

¶24 A review of the evidence proved beyond a reasonable doubt that, in an unprovoked attack, Appellant beat the victim to death, hid the body, and then attempted to dispose of the body by secreting it in a trailer and setting the trailer on fire. The evidence also showed Appellant's sentence was properly enhanced with four (4) prior felony convictions. Based upon our review of all the facts and circumstances of the case, we find Appellant's sentence is not excessive and modification is not warranted. This proposition is denied.

DECISION

¶25 The JUDGMENT and SENTENCE is AFFIRMED. The Motion to Supplement the Record on Appeal or, in the Alternative, Application for Evidentiary Hearing on Sixth Amendment Claims is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF McCURTAIN COUNTY
THE HONORABLE MICHAEL DeBERRY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES IN DISTRICT COURT 

 ALLEN MALONE
 113 N. CENTRAL AVE.
 IDABEL, OK 74745
 COUNSEL FOR DEFENDANT

 MARK MATLOFF
 DISTRICT ATTORNEY
 JOHNNY LOARD
 MARK UPTEGOVE
 ASSISTANT DISTRICT ATTORNEYS
 108 N. CENTRAL
 IDABEL, OK 74745
 COUNSEL FOR THE STATE

  

  

 OPINION BY: LUMPKIN, J.
 ROWLAND, P.J.: Concur
 HUDSON, V.P.J.: Concur
 LEWIS, J.: Concur
 MUSSEMAN, J.: Concur
 
 
 APPEARANCES ON APPEAL

 MICHAEL D. MOREHEAD
 OKLA. INDIGENT DEFENSE
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL
 OF OKLAHOMA
 TESSA L. HENRY
 ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

FOOTNOTES

21 O.S.2011, § 13.1