1998 OK CR 10

**Debra Sue DEWBERRY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–96–1251.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1998.

### ORDER

¶ 1 On December 30, 1996, Appellant, through counsel, filed her Petition in Error herein initiating an appeal of convictions entered against her in Oklahoma County District Court, Case No. CF–94–7440–61. The convictions appealed are for Malice Murder in the First Degree and for Illegal Disposal of a Body. A sentence of imprisonment for life without parole and a sentence of five years imprisonment were respectively entered on October 3, 1996. (O.R.187) According to the Information, Appellant inflicted "mortal wounds" upon "Baby Girl Dewberry, a newborn child, by giving birth to Baby Girl Dewberry while sitting on a toilet, and then placing Baby Girl Dewberry inside a plastic bag and discarding her into a garbage can." (O.R.1) Appellant at trial contended the baby was stillborn.

¶ 2 Currently pending herein are several motions requiring disposition or scheduling before this appeal may be submitted for decision. Set forth below is a summary of each of these motions and this Court's order concerning each motion.

### I. Appellant's "Application for Evidentiary Hearing and Motion to Supplement"

¶ 3 In this appeal, Appellant is represented by Wendell B. Sutton, Oklahoma County Assistant Public Defender. At trial, Appellant was represented by different counsel, but counsel who was also an Oklahoma County Assistant Public Defender. Proposition XI of Appellant's brief-in-chief reads: "MS. DEWBERRY WAS DENIED REASONABLY EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE FEDERAL AND OKLAHOMA CONSTITUTIONS." *Appellant's brief-in-chief* at 48. Appellant's allegations of ineffective assistance of trial counsel are predicated in part upon matters outside the existing trial court record and upon allegations that trial counsel "failed to perform her 'duty to make

reasonable investigations.'" *Id.* at 51. Proposition XII of Appellant's brief-in-chief reads: "AN EVIDENTIARY HEARING IS NEEDED ON ANY ISSUE RAISED HEREIN WHICH WAS WAIVED OR INADEQUATELY PRESERVED OR THE RECORD INADEQUATELY DEVELOPED FOR REVIEW ON DIRECT APPEAL INCLUDING, BUT NOT LIMITED TO, THE SPECIFIC ACTS OR OMISSIONS RAISED IN PROPOSITION XI."

¶4 Pursuant to Rule 3.11(B)(3)(b) of the *Rules of the Oklahoma Court of Criminal Appeals,* Title 22 Ch. 18, App. (1997), appellate counsel on June 10, 1997 (simultaneously with the tendering of Appellant's brief-in-chief herein),[1] filed an "Application for Evidentiary Hearing and Motion to Supplement." In support of this Application, Appellant attached a number of items marked by Appellant as Exhibits "A" through "O." These items consist of several affidavits, an investigative report by an employee of the Child Welfare Division of the Oklahoma Department of Human Services, two newspaper articles, and a hand written document entitled "Character References." Appellant's Application contends these items constitute the "clear and convincing evidence" necessary under Rule 3.11(B)(3)(b)(i) to demonstrate a strong possibility trial counsel was ineffective. Accordingly, Appellant urges this Court to so find and to order an evidentiary hearing to fully address the ineffectiveness issue.

¶5 On September 15, 1997, Appellee filed a "Motion to Strike Reference to Evidence Outside of the Record, or in the Alternative,

Motion for Clarification." Therein, Appellee complains "that it is impossible to respond to most of the allegations raised in Proposition XI and the allegation raised in Proposition XII as the Appellant relies upon the attachments to the [A]pplication [for Evidentiary Hearing] in support of her claims." *Appellee's Motion to Strike* at 2. Appellee "request(s) the application of the Appellant be stricken" or alternatively, requests "clarification of the proper utilization of the application in the filing of the direct appeal brief of the Appellant." *Id.* at 3. Appellee contends "the application should only be utilized in the event that [Appellant's] evidentiary hearing is granted by this Court." *Id.*

¶6 Appellant, on September 24, 1997, filed a response to Appellee's Motion to Strike. She argues the State's position is not well taken as Appellant is required to urge all available claims of error, whether or not such claims may appear in the record, or risk waiver of such claims in any subsequent post-conviction proceedings. Appellant thus maintains her Application for Evidentiary Hearing, its attachments, and the propositions of error in her brief-in-chief incorporating the application and attachments; are all necessary and are all valid Oklahoma appellate procedures. Review of this Court's *Rules* reveals Appellant is correct in her position.[2]

¶7 Rule 3.11(B)(3)(b) of the *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1997), provides:

(b) When an allegation of the ineffective assistance of trial counsel is predicated upon an allegation of failure of trial coun-

---

1. Appellant's brief-in-chief was fifty-three pages in length and therefore exceeded the fifty-page limit set forth in Rule 3.5(D) of this Court's *Rules.* For this reason, the brief-in-chief was first only tendered for filing. It was not until June 17, 1997, that the brief-in-chief was filed of record per order of this Court granting leave to exceed the established fifty-page limit.

2. Appellant's response to the State's Motion to Strike also urges this Court find the State's objection to Appellant's Application's attachments is out-of-time. Appellant's out-of-time argument relies on Rule 3.11(E). Rule 3.11(E) requires any objection to a motion to supplement to be

filed within fifteen days. Although Appellant has partially titled her request for evidentiary hearing as a "Motion to Supplement," nowhere within the text of that pleading does Appellant formally request to supplement the record. At this point we read Appellant's Application as only a request for the Court to find "a strong possibility trial counsel was ineffective" and to order the appropriate evidentiary hearing. Consequently, the Rule 3.11(E) requirement a party object to a proposed supplement does not specifically address an application such as Appellant's where there is no formal request to supplement.

sel to properly utilize available evidence or adequately investigate to identify evidence which could have been made available during the course of the trial, and a proposition of error alleging ineffective assistance of trial counsel is raised in the brief-in-chief of Appellant, appellate counsel may submit an application for an evidentiary hearing, together with affidavits setting out those items alleged to constitute ineffective assistance of trial counsel. This Court will utilize the following procedure in adjudicating applications regarding ineffective assistance of trial counsel based on evidence not in the record:

(i) In order to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, the application and affidavits must contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.

■ ¶ 8 Exactly as specified by this rule, appellate defense counsel submitted an application for evidentiary hearing and attached thereto a number of affidavits in support of the Application. Thus there is no procedural basis for Appellee's request to strike the Application and its accompanying exhibits.[3] That Appellant's proposition of error alleging ineffective assistance of trial counsel may be (in Appellee's words) "impossible to respond to" is not a legal basis for striking it or striking the Application for Evidentiary Hearing or striking Appellant's documentation in support of the proposition and Application. Moreover, Rule 3.11(B)(3)(b) requires Appellant raise "a proposition of error alleging ineffective assistance of trial counsel

... in the brief-in-chief" in order to seek an evidentiary hearing on the issue. It would be an absurd result indeed to require an appellant's counsel to first raise the issue of ineffectiveness in his brief-in-chief but then not allow him or her to argue all the circumstances supporting it.

■ ¶ 9 Some of the confusion herein may lie from failure to recognize when the supplementation-of-the-record portion of Rule 3.11(B)(3)(b) comes into play. Reference to subsections (ii) through (v) of that rule reveal that once the Court has found a strong possibility trial counsel was ineffective, "it shall remand the matter to the trial court for an evidentiary hearing." Rule 3.11(B)(3)(b)(ii). It is the record from this evidentiary hearing which will be that which supplements the trial court record on appeal. The instruments filed in support of a request for evidentiary hearing are not considered, by reason of their filing with this Court, part of the trial record. If the items are not within the existing record, then only if they are properly introduced at the evidentiary hearing will they be a part of the trial court record on appeal. The record on appeal must remain as only that which has been presented through the trial court. All else must be considered as nothing more than appellate advocacy.

¶ 10 IT IS THEREFORE THE ORDER OF THIS COURT that to the extent Appellee's September 15, 1997 Motion to Strike requests that all or portions of Appellant's Propositions XI and XII be stricken and that Appellant's Application for Evidentiary Hearing and its attachments be stricken, the Motion should be, and hereby is, DENIED. The decision upon the merits of Appellant's

---

**3.** The Court notes Appellee's additional contention Rule 3.11(B)(4) prohibits supplementation of the record after the filing of a party's brief in chief. This rule is inapplicable in situations such as that presented by Appellant. Rule 3.11(B)(3)(b) specifically requires an appellant before filing an application for an evidentiary hearing concerning ineffective trial counsel to have first urged "a proposition of error alleging ineffective assistance of trial counsel ... in the brief-in-chief of Appellant." Rule 3.11(B)(3)(b) requires that application to be filed "together

with affidavits setting out those items alleged to constitute ineffective assistance of trial counsel." Such affidavits and other items filed in support of the application for evidentiary hearing are not items for supplementation of the record within the meaning of Rule 3.11(B)(4). Furthermore, as in footnote 2, supra, we again observe there is not contained within Appellant's Application for Evidentiary Hearing a request to supplement the record with these attachments. For these reasons, Appellee's objection under Rule 3.11(B)(4) is untenable.

Application for Evidentiary Hearing shall be submitted in conjunction with the appeal's submission for decision.

## II. Appellee's Motion to Strike Attachments to Appellant's Brief

¶ 11   A portion of Appellee's September 15, 1997 Motion to Strike contains a request that the two attachments marked as "Appendix A" and "Appendix B" to Appellant's brief-in-chief be stricken as they "are not part of the record on appeal; thus, such documents are not properly before the Court." *Appellee's Motion to Strike* at 3–4. Appellant's brief when referencing these appendices does not cite to any portion of the appellate record where these items may be found.   It thus appears Appellee is correct in its position that these items are indeed not a part of the record on appeal.[4]   As such it is improper that they be considered in this appeal.

¶ 12   IT IS THE FURTHER ORDER OF THIS COURT that "Appendix A" and "Appendix B" of Appellant's brief-in-chief be stricken.

## III. Appellee's "Motion to File Brief in Excess of Fifty Pages"

¶ 13   On October 15, 1997, counsel for Appellee tendered for filing her answer brief titled "Brief of Appellee."   This Brief is fifty-two pages in length, excluding its certificate of mailing.   In her "Motion to File Brief in Excess of Fifty Pages," counsel states the brief-in-chief of Appellant is fifty-three pages in length and contains twelve propositions in error and that the issues raised are "of particular complexity requiring a detailed and lengthy response." *Motion to File Brief* at 1.

¶ 14   IT IS THE FURTHER ORDER OF THIS COURT that Appellee's "Motion to File Brief in Excess of Fifty Pages" should

be, and hereby is, GRANTED and the Clerk of this Court directed to docket and file of record herein the "Brief of Appellee."

## IV. Appellant's "Application for Oral Argument"

¶ 15   On June 10, 1997, Appellant, through counsel, filed herein an "Application for Oral Argument."   Counsel contends Appellant's "appeal raises one or more questions of first impression or of great public importance." *Application for Oral Argument* at 1. Appellate counsel also states the lengthy record in this appeal and "[t]he unique circumstances of this case have given rise to complex legal and medical issues." *Id.* at 2. For these reasons, counsel believes oral arguments would be useful to resolution of Appellant's appeal.

¶ 16   Rule 3.8 of this Court's *Rules* provides the Presiding Judge may approve or deny a request for oral argument.   Additionally, a majority of the Court may set the matter for hearing, if oral arguments are deemed necessary or beneficial.   If oral arguments are granted, an order then issues giving notice thereof and setting the date, time, and place.

¶ 17   IT IS THE FURTHER ORDER OF THIS COURT that Appellant's "Application for Oral Argument" be submitted in conjunction with submission of this appeal for decision.   Following submission the Court or Presiding Judge shall consider the merits of the Application and grant or deny the same in accordance with Rule 3.8.

¶ 18   IT IS THE FURTHER ORDER OF THIS COURT that the Clerk assemble the record herein along with all briefs of the parties, Appellant's Application for Evidentiary Hearing, and Appellant's Application

---

4.   "Appendix B" purports to be a letter from the Assistant District Attorney who prosecuted Appellant's case.   The letter lists the questions which counsel contends were asked Appellant during a polygraph examination conducted by police.   Appellee recognizes that a portion of the contents of Appellant's "Appendix B" is contained in the record at Tr. 570 where trial defense counsel read the questions into the record. Nevertheless, the document itself was not at that time introduced as an exhibit or otherwise placed into the record.

for Oral Argument and submit the same to the Court for decision or further order.

IT IS SO ORDERED.

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge