OSCN Found Document:ARCE v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 ARCE v. STATE
2023 OK CR 9
530 P.3d 472
Case Number: F-2021-1212
Decided: 05/11/2023
JASON ENRIQUE ARCE, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2023 OK CR 9, 530 P.3d 472

 

 

S U M M A R Y O P I N I O N 

LUMPKIN, JUDGE:

¶1 Appellant Jace Enrique Arce was tried by jury and convicted of First Degree Murder (21 O.S.2011, § 701.7(A)) (Count I); Feloniously Pointing a Firearm (21 O.S.Supp.2017, § 1289.16) (Count III); and Possession of a Firearm After Former Conviction of a Felony (21 O.S.Supp.2019, § 1283) (Count IV) in the District Court of Tulsa County, Case No. CF-2020-3876.[1] The jury returned sentences of life imprisonment in Count I, five (5) years in prison for Count III, and two (2) years in prison for Count IV. The Honorable Michelle B. Keely, District Judge, sentenced accordingly and ordered the sentences in Counts III and IV to run concurrent with each other and consecutive to the sentence in Count I.[2] Appellant appeals from these convictions and sentences and raises the following propositions of error:

I. The District Court committed plain error by failing to instruct the jurors clearly and accurately on the applicable law for aiding and abetting in violation of Appellant's right to due process under Article II, § 20 of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution.

II. The District Court committed plain error by failing to instruct the jury on Second Degree Felony Murder in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Articles §§ 7 & 20 of the Oklahoma Constitution.

III. The District Court committed plain error by failing to remove a juror who could not understand English as used in the court's instructions resulting in an incompetent jury in violation of Appellant's right to a fair trial under the Due Process Clauses of the Oklahoma and federal constitution.

IV. Appellant was deprived of a fair trial by prosecutorial misconduct in violation of his right to due process under the Fourteenth Amendment to the United States Constitution and Art. II, §§ 7, 20, & 21 of the Oklahoma Constitution.

V. Appellant was deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 & 20 of the Oklahoma Constitution.

VI. The cumulative effect of the errors which occurred during trial proceedings denied Appellant a fair trial in violation of the due process clauses of the Fourteenth Amendment of the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

¶2 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence no relief is warranted.

¶3 In Proposition I, Appellant argues that the jury instructions on aiding and abetting failed to clearly and fully state the applicable law. He argues that instructions, additional to the uniform instructions on aiding and abetting given in response to a question from the jury, rendered the instructions unclear and effectively eliminated the requirement that the accused either have the intent to commit the crime charged or know of the perpetrator's intent to commit the crime charged. This error, Appellant claims, was exacerbated by arguments of counsel which did not discuss knowledge or intent in any detail. Therefore, according to Appellant, his case should be reversed and remanded for a new trial.

¶4 The record shows the jury was given the full complement of uniform instructions on aiding and abetting. See Oklahoma Uniform Jury Instructions -- Criminal (2d) (OUJI-CR 2d), Nos. 2-5, 2-6, 2-7, 2-8, 2-9. Additionally, the jury was given an instruction on homicide -- causation, the elements of malice, the definition of malice, and proof of malice -- external circumstances. See OUJI-CR 2d, Nos. 4-60, 4-61, 4-62, 4-63. Defense counsel did not raise an objection to any of these instructions.

¶5 During deliberations, the jury sent out a note asking, "can we get a legal definition of aids and abets as listed in Instruction 17 and 19." The court called the parties into chambers and the judge responded that she intended to give a definition of "aid" as "render, overt, personal assistance." This definition she took from uniform instructions on accessory liability. See OUJI-CR 2d, No. 2-4. The judge also said she intended to give the dictionary definition of "abet": "to encourage, support or countenance by aid or approval." When asked for objections, the prosecutor had none. Defense counsel did object on the grounds that the instructions already given to the jury adequately set forth the applicable law. The trial court disagreed with defense counsel, opining that the written instructions included a definition of criminal intent but not a definition of "aids and abets". She overruled defense counsel's objection and instructed the jury consistent with her ruling.

¶6 The judge also informed the parties that she had received another note from the jury which asked, "does aiding and abetting after the criminal offense still apply in terms of guilt?" To this question, the judge replied, "You have all the law and evidence introduced in this case. Please continue your deliberation." Neither counsel raised an objection to this response.

¶7 "Instructions are sufficient where they state the applicable law." Mitchell v. State, 2016 OK CR 21, ¶ 24, 387 P.3d 934, 943. "Trial courts should use the uniform jury instructions if they state the applicable law." Id. (quoting Day v. State, 2013 OK CR 8, ¶ 14, 303 P.3d 291, 298). "Jury instructions are within the discretion of the trial court, and we generally review for abuse of discretion." Id. An abuse of discretion is a conclusion or judgment that is clearly against the logic and effect of the facts presented. State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194.

¶8 The uniform instructions are generally regarded as setting forth the applicable law. Regarding instructions on aiding and abetting, this Court has specifically upheld the giving of OUJI-CR 2d No. 2-6 and OUJI-CR 2d No. 2-5 in a case where the evidence did not conclusively establish which of two intruders fired the fatal gunshot and the State sought to convict the defendant of malice-murder. See Young v. State, 2000 OK CR 17, ¶¶ 64-65, 12 P.3d 20, 40. See also Conover v. State, 1997 OK CR 6, ¶¶ 44-47, 933 P.2d 904, 915-16 (abrogated on other grounds by Bosse v. Oklahoma, 580 U.S. 1 (2016)) (approving instructions on aiding and abetting in a murder prosecution stating that the defendant could be found guilty as a perpetrator if the State showed that his conduct caused the victim's death and that he intended to take the victim's life; and if the jury found that the evidence showed that the defendant did not himself commit the murder, the jury was properly instructed that they could find him guilty if the State proved that he aided and abetted the co-defendant's acts knowing of the co-defendant's intent to take the victim's life).

¶9 Based upon the foregoing, the uniform instructions given in this case adequately stated the law of aiding and abetting. Appellant even seems to admit this as he argues the trial court "erroneously determined that these instructions" [the uniform OUJI's] did not contain appropriate definitions. So, the question becomes did the additional instructions regarding the definition of "aid" taken from the uniform instructions on Accessory and a dictionary definition of "abet" render these uniform instructions "unclear."

¶10 Appellant has cited no authority supporting his argument that it was error to give the additional instructions. While the additional instructions do not come from the uniform instructions on aiding and abetting, they are consistent with the requirements of aiding and abetting as set out in the uniform instructions. Appellant has cited no authority that the court cannot rely on sources other than the uniform instructions if necessary.

¶11 The instructions on aiding and abetting given in this case, when reviewed in their entirety, including the additional definitions provided in response to the jury's questions, accurately stated the applicable law. Closing arguments of counsel, given before the additional instructions were given, did not render the instructions confusing.

¶12 Based upon the record before us, we fail to see any abuse of the trial court's discretion in giving the additional definitional jury instructions. There is no support for Appellant's claim that the instructions were "unclear" or that the additional instructions adversely impacted the outcome of the trial. This proposition of error is denied.

¶13 In Proposition II, Appellant asserts the trial court erred in failing to give sua sponte jury instructions on second degree felony murder as a lesser included offense. The jury was given instructions on first degree murder and first degree manslaughter as a lesser included offense. In the absence of Appellant's request for second degree felony murder instructions and his failure to object to their absence, we review for plain error. Mitchell, 2016 OK CR 21, ¶ 24, 387 P.3d at 943. Under the plain error test set forth in Simpson v. State, 1994 OK CR 40, ¶¶ 10, 26, 30, 876 P.2d 690, 694, 699, 701 this Court determines whether the appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. See also Lee v. State, 2018 OK CR 14, ¶ 4, 422 P.3d 782, 785.

¶14 It is well settled that trial courts have a duty to instruct the jury on the salient features of the law raised by the evidence with or without a request. Hogan v. State, 2006 OK CR 19, ¶ 39, 139 P.3d 907, 923 (citing Atterberry v. State, 1986 OK CR 186, ¶ 8, 731 P.2d 420, 422 citing Wing v. State, 1955 OK CR 29, ¶ 34, 280 P.2d 740, 747). To warrant an instruction on a lesser included offense, we must determine whether there was prima facie evidence of the lesser offense presented at trial. Bench v. State, 2018 OK CR 31, ¶ 73, 431 P.3d 929, 954. "We require prima facie evidence of the lesser offense to support giving a lesser included instruction." Davis v. State, 2018 OK CR 7, ¶ 7, 419 P.3d 271, 277. "Prima facie evidence of a lesser included offense is that evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater." Id. (quoting Davis v. State, 2011 OK CR 29, ¶ 101, 268 P.3d 86, 116); State v. Tubby, 2016 OK CR 17, ¶ 7, 387 P.3d 918, 921.[3]

 

¶15 The instruction which Appellant now proposes should have been given is the uniform instruction on second degree felony murder. See OUJI-CR 2d No. 4-92; 21 O.S.2011, § 701.8(2)). Appellant includes as the underlying felonies Feloniously Pointing a Firearm, (the charges in Counts II and III), and Possession of a Firearm (AFC) (charged in Count IV). Possession of a Firearm (AFC) could not serve as an underlying felony as it was severed from the other counts and evidence supporting the charge was not presented to the jury until a second stage proceeding, after the jury had returned its verdict for the murder charge.

¶16 The crime of feloniously pointing a firearm named Mr. Peterson and Ms. Wall as victims, not the decedent. Under this evidence, there is no nexus/causal connection between Appellant pointing the weapon at Peterson and Wall and co-defendant Martinez's fatal shooting of the decedent. See Malaske v. State, 2004 OK CR 18, ¶ 5, 89 P.3d 1116, 1118 (and cases cited therein) (Oklahoma case law requires a nexus between the underlying felony and the decedent's death in order for the felony murder doctrine to be applicable).

¶17 Further, contrary to Appellant's summary of the evidence, the record shows that Appellant and co-defendant Martinez went to the homeless camp together intentionally to kill the decedent. Under the record evidence, no rational jury would have acquitted Appellant of first degree murder for a conviction of second degree felony murder with a finding that the decedent's death resulted from Appellant's felonious possession of a firearm. We find no error and thus no plain error in the absence of a jury instruction on second degree felony murder.

¶18 In Proposition III, Appellant contends the trial court committed plain error by allowing an "incompetent juror" to sit on his jury. Specifically, he complains about M.W. who spoke English as a second language. Appellant argues the juror disclosed she had "significant difficulties understanding English legal terminology." Appellant acknowledges the trial court questioned M.W. about whether she could understand witness testimony but erred in failing to take any efforts to discover whether M.W. would have trouble interpreting the instructions she would later receive. Appellant argues the danger of having an incompetent juror became real during deliberations when the jury asked the court for legal definitions and expressed significant confusion which the district court took no steps to rectify. Appellant contends the seating of M.W. on his jury affected his substantial rights by depriving him of a fair trial.

¶19 The record shows neither side challenged M.W. for cause or exercised a peremptory challenge to strike her. "This Court has held that '[i]t is the duty of counsel to examine jurors on voir dire. Counsel then must discover any facts affecting their qualifications and then reasonably raise any objection that might exist as to any member of the panel.'" Wackerly v. State, 2000 OK CR 15, ¶ 9, 12 P.3d 1, 8 (quoting Tate v. State, 1995 OK CR 24, ¶ 33, 896 P.2d 1182, 1191). "Failure to do so waives all but plain error." Id. We therefore review Appellant's claim of error under the plain error standard set forth above.

¶20 Title 22 O.S.2011, § 658(2) provides that challenges for cause may be made to a prospective juror for "[a] want of any of the qualifications prescribed by law, to render a person a competent juror, including a want of knowledge of the English language as used in the courts."

¶21 A review of the record shows that M.W. was born in Ukraine and Russian was her first language. At the time of trial, she had lived in the United States for 24 years. Her responses in voir dire show she was proficient in English and able to effectively communicate in English and understood the ongoing proceedings and her role in those proceedings.

¶22 Appellant's claim that the questions posed by the jury during deliberations regarding definitions of aiding and abetting (see Proposition I) show that M.W.'s service on the jury was prejudicial to the defense is pure speculation. None of the questions sent out by the jury implicated, named, or referenced M.W. While M.W. may have expressed some hesitation during voir dire, there is nothing in the record showing M.W. actually had any problems with the language, that she had any issues with "legal terms", or that she could not understand the law as set out in the jury instructions. Here, the parties in the courtroom who heard and saw M.W. first-hand had no problem with her service on the jury due to any language issues. There is nothing in this record to support her disqualification for "a want of knowledge of the English language as used in the courts." We find no error, and thus no plain error, in the trial court's failure to remove M.W. from the jury due to any issues with her use and understanding of English. This proposition is denied.

¶23 In Proposition IV, Appellant contends he was denied a fair trial by prosecutorial misconduct. He claims the prosecutor "consistently" stated to the jury that all the State need prove was Appellant's participation but made no mention of the State's burden to prove that Appellant knew beforehand of Martinez's specific intent to kill. This "artful misconduct", Appellant claims, "aided by the lack of correction by defense counsel or the trial court -- allowed the State to skirt its burden and mislead the jury on what it was ultimately required to find." Appellant asserts that as result, his Judgment and Sentence should be reversed and remanded for a new trial.

¶24 Despite his claim of "consistent" misconduct, Appellant directs us to only two arguments in the State's closing argument. Neither was met with an objection, therefore, our review on appeal is for plain error as set forth above. See Tafolla v. State, 2019 OK CR 15, ¶ 24, 446 P.3d 1248, 1259.

¶25 We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. Sanders v. State, 2015 OK CR 11, ¶ 21, 358 P.3d 280, 286. We have long allowed counsel for the parties a wide range of discussion and illustration in closing argument. Id. We will reverse the judgment or modify the sentence only where grossly improper and unwarranted argument affects a defendant's rights. Id. 

¶26 The first comment challenged by Appellant came during the first portion of the prosecutor's closing argument with the second challenged statement coming near the end of the State's second closing. It is well established that closing arguments of counsel are not evidence. Smith v. State, 1986 OK CR 158, ¶ 25, 727 P.2d 1366, 1372. "[A]rguments of counsel generally carry less weight with a jury than do instructions from the court. The former are usually billed in advance to the jury as matters of argument, not evidence, and are likely viewed as the statements of advocates; the latter, we have often recognized, are viewed as definitive and binding statements of the law." Boyde v. California, 494 U.S. 370, 384 (1990). Prosecutorial argument is "not to be judged as having the same force as an instruction from the court. And the arguments of counsel, like the instructions of the court, must be judged in the context in which they are made." Id. 494 U.S. at 385.

¶27 As Appellant has admitted, the jury was properly instructed on the law of aiding and abetting. In his closing arguments, the prosecutor repeatedly referred the jury to its instructions regarding the law of aiding and abetting, first degree murder and its elements, the State's burden of proof, and that its verdict was to be based on the evidence presented at trial. Here, the State had the burden to prove, beyond a reasonable doubt, that Appellant himself murdered the decedent, i.e., that he was the perpetrator, or that Appellant aided and abetted co-defendant Martinez in the commission of the murder. Proof that Appellant was the perpetrator required evidence that he himself committed the murder with malice aforethought. Proof that he aided and abetted in the murder required evidence of acts, words or gestures by Appellant encouraging, procuring, aiding, assisting, or advising co-defendant Martinez in the commission of the murder. The prosecutor's closing argument accurately reflected this law. See Lockett v. State, 2002 OK CR 30, ¶ 13, 53 P.3d 418, 423; Conover v. State, 1997 OK CR 6, ¶ 44, 933 P.2d 904, 915. Contrary to Appellant's claims, the prosecutor's comments did not shift the burden of proof to the defense and did not misstate the law on aiding and abetting. After reviewing the entirety of the prosecutor's argument, and the challenged comments in context, we find no error, and thus no plain error. This proposition is denied.

¶28 In Proposition V, Appellant contends he was denied the effective assistance of counsel by counsel's failure to: 1) investigate his poor vision; 2) present evidence of the prior conflict between Martinez and the decedent; and 3) request jury instructions on second degree felony murder as a lesser included offense.

¶29 We review Appellant's claim of ineffective assistance under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Sanders, 2015 OK CR 11, ¶ 29, 358 P.3d at 287. In order to show that counsel was ineffective, Appellant must show both deficient performance and prejudice. Id. (citing Strickland, 466 U.S. at 687). In Strickland, the Supreme Court said there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct, i.e., an appellant must overcome the presumption that, under the circumstances, counsel's conduct constituted sound trial strategy. Id. To establish prejudice, Appellant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. Id. (citing Harrington v. Richter, 562 U.S. 86, 111--112 (2011)). When a claim of ineffective assistance of counsel can be disposed of on the ground of lack of prejudice, that course should be followed. Strickland, 466 U.S. at 696.

¶30 Appellant's claims of ineffectiveness are largely dependent on information contained in a contemporaneously filed Application for Evidentiary Hearing on Sixth Amendment Claims. Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023) allows an appellant to request an evidentiary hearing when it is alleged on appeal that trial counsel was ineffective for failing to utilize evidence which could have been made available during the course of trial. Frederick v. State, 2017 OK CR 12, ¶ 164, 400 P.3d 786, 826-827. Once an application has been properly submitted, along with supporting affidavits, this Court reviews the application to see if it contains sufficient evidence to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. Id. "The attachments filed in support of a request for an evidentiary hearing are not considered, by reason of their filing with this Court, part of the trial record." Bland v. State, 2000 OK CR 11, ¶ 115, 4 P.3d 702, 731 (citing Dewberry v. State, 1998 OK CR 10, ¶ 9, 954 P.2d 774, 776). The attachments will be considered only in regard to the application for evidentiary hearing on Sixth Amendment claims.

¶31 We have reviewed Appellant's 3.11 motion and attached affidavits and find an evidentiary hearing is not warranted. The attached affidavits show a dispute as to whether Appellant notified counsel of his poor vision. While Appellant states he did not have his eyeglasses with him at the time of the crime, there is nothing in the affidavits showing he actually had eyeglasses that he regularly wore to aid his vision. Regardless of whether Appellant should have been wearing glasses at the time of the crime and simply was not, the evidence showed he seemingly functioned just fine without them. That he might have had poor vision does not show that Appellant did not know of Martinez's intent to kill the decedent or that Appellant did not aid and abet Martinez in the shooting.

¶32 Part of the defense strategy at trial was to challenge the credibility of Peterson and Wall, who placed a gun in Appellant's hands. Appellant has not shown by clear and convincing evidence there is a strong possibility that if trial counsel had investigated and pursued a defense that Appellant would not have been at the scene of the crime without his eyeglasses due to his bad eyesight there is a reasonable probability the outcome of the trial would have been different. No evidentiary hearing is warranted on this issue.

¶33 Evidence of a prior dispute between co-defendant Martinez and the decedent was before the jury through the Preliminary Hearing testimony of Georgette Wall.[4] That counsel did not present details of the prior dispute is not grounds for an evidentiary hearing. Appellant has not shown that presenting details of the prior dispute which might provide a motive for Martinez to shoot the decedent had any tendency to negate Appellant's complicity or exculpate him in any way. Further, the basis for Appellant's claim is a statement made by Wall during her police interview. Appellant has not shown how that hearsay statement would be admissible at trial. See 12 O.S.2021, § 2801(A)(3).

¶34 Detailed evidence of the prior dispute between Martinez and the decedent was simply not relevant in Appellant's case. Appellant has failed to show by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to present detailed evidence of the co-defendant's motive for the murder. An evidentiary hearing is not warranted on this issue.

¶35 Finally, Appellant asserts an evidentiary hearing is warranted because counsel did not request jury instructions on a second degree felony murder as a lesser included offense. There are no supporting affidavits for this claim; it is merely a repeat of the arguments from Proposition II of the appellate brief. This is not a claim properly raised in a 3.11 Motion as it is not based on counsel's failure to utilize evidence which could have been made available during the course of trial. An evidentiary hearing is not warranted.

¶36 In order to meet the clear and convincing standard sufficient to warrant an evidentiary hearing, Appellant must present this Court with evidence, not speculation, second guesses, or innuendo. Lott v. State, 2004 OK CR 27, ¶ 136, 98 P.3d 318, 351. After thorough consideration of Appellant's claims in light of both the evidence offered at trial and materials submitted in support of his Rule 3.11 application, we find that Appellant has not shown clear and convincing evidence suggesting a strong possibility that trial counsel was ineffective for failing to utilize the complained of evidence. Appellant has not shown the strong possibility that counsel's alleged errors resulted in a breakdown of the adversarial process so serious that the trial cannot be deemed to have produced a reliable result. Appellant's request to remand for evidentiary hearing under Rule 3.11 is denied.

¶37 "When we review and deny a request for an evidentiary hearing on a claim of ineffective assistance under the standard set forth in Rule 3.11, we necessarily make the adjudication that Appellant has not shown defense counsel to be ineffective under the more rigorous federal standard set forth in Strickland." Simpson v. State, 2010 OK CR 6, ¶ 53, 230 P.3d 888, 906.

¶38 The claims of ineffective assistance of counsel due to counsel's failure to investigate and present evidence of his poor vision; and the failure to present additional evidence of the prior conflict between Martinez and the decedent were raised in both the 3.11 motion and the appellate brief. As we have found an evidentiary hearing on these claims is not warranted, we also find that under the more rigorous standard set forth in Strickland, the claims of ineffective counsel raised in the appellate brief are denied. See Simpson, 2010 OK CR 6, ¶ 53, 230 P.3d at 906.

¶39 The claim of counsel's ineffectiveness for failing to request jury instructions on second degree felony murder, while not appropriate in a 3.11 motion, is properly raised in the appeal brief. As addressed in Proposition II, the evidence did not support giving such an instruction. Any request for such an instruction would have been overruled. Under Strickland, where a jury instruction on a lesser included offense is not supported by the evidence, counsel is not ineffective for failing to request the instruction. See Splawn v. State, 2020 OK CR 20, ¶ 14, 477 P.3d 394, 398-99; Eizember v. State, 2007 OK CR 29, ¶ 155, 164 P.3d 208, 244. This proposition is denied.

¶40 In his final proposition of error, Appellant argues the cumulative effect of the errors addressed above denied him a fair trial. This Court has held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Gillioms v. State, 2022 OK CR 3, ¶ 44, 504 P.3d 613, 623 (citing Engles v. State, 2015 OK CR 17, ¶ 13, 366 P.3d 311, 315). None of the errors raised by Appellant warrant relief. Therefore, we find no relief is warranted by the accumulation of errors. This proposition is denied.

¶41 Accordingly, this appeal is denied.

DECISION

¶42 The JUDGMENT and SENTENCE is AFFIRMED. The Application for Evidentiary Hearing on Sixth Amendment Claims is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2023), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE MICHELLE B. KEELY, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 BRIAN MARTIN
 1331 S. DENVER AVE.
 TULSA, OK 74119
 COUNSEL FOR THE DEFENSE

 STEVE KUNZWEILER
 DISTRICT ATTORNEY
 KEVIN GRAY
 ASST. DISTRICT ATTORNEY
 500 S. DENVER, STE. 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 TAYLOR L. LEDFORD
 OKLAHOMA INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 JOHN M. O'CONNOR
 ATTORNEY GENERAL OF OKLAHOMA
 MARY R. INCREMONA
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 

OPINION BY: LUMPKIN, J.
ROWLAND, P.J.: Concur in Result
HUDSON, V.P.J.: Concur in Result
LEWIS, J.: Concur in Result
MUSSEMAN, J.: Concur in Result

FOOTNOTES

[1] The jury acquitted Appellant of Count II, Feloniously Pointing a Firearm (21 O.S.Supp.2017, § 1289.16).

[2] Appellant must serve 85% of his sentence in Count I before becoming eligible for consideration for parole. 21 O.S.2011, § 13.1.

[3] While I follow the evidence test as set forth above based upon this Court's prior case law to resolve the issue in this case, I personally find that in order to fully meet the requirements of due process, the proper test for determining whether instructions on a lesser included offense are required involves a two part analysis which first requires courts to make a legal determination about whether a crime constitutes a lesser included offense of the charged crime. Bivens v. State, 2018 OK CR 33, ¶ 24, 431 P.3d 985, 994. The court then must determine whether prima facie evidence of the lesser offense has been presented. Id. Sufficient evidence to warrant a lesser included offense is evidence that would allow a jury rationally to find the accused guilty of the lesser offense and acquit him/her of the greater. Id. This Court has previously recognized that second degree felony murder is a legally recognized lesser included offense of first degree murder. Childress v. State, 2000 OK CR 10, ¶ 25, n. 8, 1 P.3d 1006, 1012-13, n. 8.

[4] Wall testified at Preliminary Hearing but could not be located for trial. Therefore, her Preliminary Hearing testimony was read to the jury pursuant to 12 O.S.Supp.2014, § 2804(B)(1).

 

 

MUSSEMAN, J. CONCURRING IN RESULT:

¶1 I concur in the results of today's decision and join the majority's reasoning except for the unnecessary, and ultimately harmful, insertion of footnote 3. See generally Bigger v. State, No. F-2022-115 (Okl.Cr. Feb. 9, 2023) (Musseman, J., concurring in result) (unpublished). While I view footnote 3 as surplusage that adds nothing to a well settled issue regarding lesser offenses, I also see it as adding unnecessary confusion for the bench and bar. See Shrum v. State, 1999 OK CR 41, ¶ 10, 991 P.2d 1032, 1036 ("We take this opportunity to formally adopt... the better approach[,] the evidence test.").

¶2 Therefore, I write separately to highlight footnote 3 holds no precedential value. To the contrary, the reader should be left with no doubt that Shrum is well settled and the law in Oklahoma. See State v. Tubby, 2016 OK CR 17, ¶ 7, 387 P.3d 918, 921 (reaffirming the evidence test from Shrum and holding "a lesser included instruction is warranted when there is prima facie evidence of the lesser offense presented at trial."); Newman v. State, 2020 OK CR 14, ¶ 14, 466 P.3d 574, 581 (holding a trial court must instruct on any lesser offense warranted by the evidence). As a result, the reader should appreciate that footnote 3 merely reflects the counter-precedential preference of the author.

¶3 I am authorized to state Vice Presiding Judge Hudson joins in this concur in result.

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1994 OK CR 40, 876 P.2d 690, 
SIMPSON v. STATE
Discussed

 
1995 OK CR 24, 896 P.2d 1182, 
TATE v. STATE
Discussed

 
1999 OK CR 41, 991 P.2d 1032, 
Shrum v. State
Discussed

 
2002 OK CR 30, 53 P.3d 418, 
LOCKETT v. STATE
Discussed

 
2004 OK CR 18, 89 P.3d 1116, 
MALASKE v. STATE
Discussed

 
2004 OK CR 27, 98 P.3d 318, 
LOTT v. STATE
Discussed

 
2006 OK CR 19, 139 P.3d 907, 
HOGAN v. STATE
Discussed

 
2007 OK CR 29, 164 P.3d 208, 
EIZEMBER v. STATE
Discussed

 
2010 OK CR 6, 230 P.3d 888, 
SIMPSON v. STATE
Discussed at Length

 
2011 OK CR 29, 268 P.3d 86, 
DAVIS v. STATE
Discussed

 
2013 OK CR 5, 298 P.3d 1192, 
STATE v. DELSO
Discussed

 
2013 OK CR 8, 303 P.3d 291, 
DAY v. STATE
Discussed

 
2015 OK CR 11, 358 P.3d 280, 
SANDERS v. STATE
Discussed at Length

 
2015 OK CR 17, 366 P.3d 311, 
ENGLES v. STATE
Discussed

 
2016 OK CR 17, 387 P.3d 918, 
STATE v. TUBBY
Discussed at Length

 
2016 OK CR 21, 387 P.3d 934, 
MITCHELL v. STATE
Discussed at Length

 
2017 OK CR 12, 400 P.3d 786, 
FREDERICK v. STATE
Discussed

 
2018 OK CR 7, 419 P.3d 271, 
DAVIS v. STATE
Discussed

 
2018 OK CR 14, 422 P.3d 782, 
LEE v. STATE
Discussed

 
2018 OK CR 31, 431 P.3d 929, 
BENCH v. STATE
Discussed

 
2018 OK CR 33, 431 P.3d 985, 
BIVENS v. STATE
Discussed

 
2019 OK CR 15, 446 P.3d 1248, 
TAFOLLA v. STATE
Discussed

 
2020 OK CR 14, 466 P.3d 574, 
NEWMAN v. STATE
Discussed

 
2020 OK CR 20, 477 P.3d 394, 
SPLAWN v. STATE
Discussed

 
2022 OK CR 3, 504 P.3d 613, 
GILLIOMS v. STATE
Discussed

 
2000 OK CR 10, 1 P.3d 1006, 71 OBJ 1303, 
Childress v. State
Discussed

 
2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, 
Bland v. State
Discussed

 
1955 OK CR 29, 280 P.2d 740, 
WING v. STATE
Discussed

 
1997 OK CR 6, 933 P.2d 904, 
Conover v. State
Discussed at Length

 
1998 OK CR 10, 954 P.2d 774, 69 OBJ 669, 
Dewberry v. State
Discussed

 
2000 OK CR 15, 12 P.3d 1, 71 OBJ 2132, 
Wackerly v. State
Discussed

 
2000 OK CR 17, 12 P.3d 20, 71 OBJ 2286, 
Young v. State
Discussed

 
1986 OK CR 158, 727 P.2d 1366, 
SMITH v. STATE
Discussed

 
1986 OK CR 186, 731 P.2d 420, 
ATTERBERRY v. STATE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2801, 
Definitions
Cited

 
12 O.S. 2804, 
Hearsay Exception - Declarant Unavailable
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 701.7, 
Murder in the First Degree
Cited

 
21 O.S. 701.8, 
Second Degree Murder
Cited

 
21 O.S. 1283, 
Convicted Felons and Delinquents
Cited

 
21 O.S. 1289.16, 
Felony Pointing Firearms
Discussed

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 658, 
General Causes of Challenges
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA